CITY OF·DALLAS v. JAMES G. JONES.

No. 741. Decided October 26, 1899.

1. Negligence—Pleading—Separate Counts—Charge.

When a petition seeking to recover from a city for injuries from a defective sidewalk charged in one count negligence in so constructing a grade and sewer that a hole washed out along the walk and in failing to place guards along same to protect passers, and in another count alleged negligence in bridging such hole with planks which became warped and insecurely fastened, a charge relieving defendant from liability in case it had no notice of the dangerous condition of the planks was properly refused. (Pp. 44-47.)

2. Same—Proximate Cause—Intervening Agency.

Under the rule that the original act, if wrongful and causing injury in the ordinary course of events, though by the intervention of other causes not wrongful, is taken as the cause, recovery could be had for the original negligence in the construction and maintenance of the walk, as a proximate cause of the injury, though such injury was immediately occasioned by defects in the plank of which the city had no notice. (Pp. 46, 47.)

3. Damages—Charge—Pleading—Evidence.

Where there was evidence of damages to the extent of $200 for doctor's bills—the petition claiming but $100—it was positive error, and not mere omission, to charge that plaintiff could recover for expenses so incurred, without limiting it to the amount pleaded. (P. 47.)

4. Same—Remittitur.

In such case, since the error could not have affected the verdict beyond $100, appellee could avoid a reversal by remitting that amount. (P. 47.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Jones sued the city for injuries to his wife, and recovered a judgment which was affirmed on defendant's appeal. The city obtained writ of error.

*Wm. P. Ellison, J. J. Collins,* and *T. A. Work,* for plaintiff in error.—Although a party may be injured by falling into a hole in a sidewalk, yet if such injury is caused by defects of the means employed by the city to enable pedestrians to pass such hole in safety, then the proximate cause of the injury is not because of the hole, but because of the defects in the means afforded to pass over such hole; and before such city can be liable in such case, notice of the specific defect, actual or constructive, must be given the city. Seale v. Railway, 65 Texas, 274; City of Galveston v. Dazet, 19 S. W. Rep., 142; 2 Dill. Mun. Corp., 4 ed., secs. 1007, 1015, 1025; Shelby v. Clagett, 22 N. E. Rep., 407; Ruggles v. Nevada, 63 Iowa, 185; 2 Beach Pub. Corp., sec. 1503 and cases cited, and note 2, and secs. 1516, 1520, note 7; Hiner v. Fond du Lac, 71 Wis., 74.

*George H. Plowman,* for defendant in error, in support of motion for rehearing.—In cases of combined negligence each party guilty of negligence is liable for the result. The negligence of each is a proximate cause where the injury would not have occurred but for that negligence. Bonner v. Wingate, 78 Texas, 333; Gonzales v. Galveston, 84 Texas, 3.

That the negligence or willful act of a third person caused another, exercising due care, to be injured by a defect in a street, is no defense for a city, responsible for the street, sued for the injury resulting. Carterville v. Cook, 4 Law. Rep. Ann., 721, and note; also note to same case, 16 Am. St. Rep., 248.

Where an accident resulting in injury is contributed to by a defect in a sidewalk, the city is liable, though the accident is precipitated by the intervention of a cause for which the city is in nowise responsible. Railway v. Green, 36 S. W. Rep., 812.

An accident materially accelerated or made more injurious by the negligent act of a person in no way connected with the original cause is chargeable to the person who accelerates it.

If the injury to Mrs. Jones was caused, increased, or contributed to by the negligent condition of the street, i. e., the existence of the hole, the city is liable, even though (1) a third person willfully or negligently aided therein; or (2) an animate or inanimate object aided therein.

When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in the highway, the other being some occurrence for which neither the keeper of the highway nor the person injured is responsible, the municipality is liable, provided such injury would not have been sustained but for the defect.

In support of the foregoing propositions, and especially propositions four, five, and six, defendant in error cites the following authorities: Seale v. Railway, 65 Texas, 274; Railway v. Green, 36 S. W. Rep., 812; Railway v. McClain, 80 Texas, 85; Railway v. Ferch, 44 S. W. Rep., 317; Gonzales v. Galveston, 84 Texas, 3; Railway v. Sweeney, 6 Texas Civ. App., 173; O'Connor v. Andrews, 16 S. W. Rep., 628; Railway v. Kelley,

35 S. W. Rep., 878; Bonner v. Wingate, 78 Texas, 333; Railway v. Mc-Whirter, 77 Texas, 356; Baldridge v. Cartrett, 75 Texas, 628; Railway v. Hoard, 49 S. W. Rep., 142; Street Ry. Co. v. Richart, 29 S. W. Rep., 1041; White v. Railway, 46 S. W. Rep., 383; Railway v. Jackson, 44 S. W. Rep., 1072; Railway v. Croskell, 25 S. W. Rep., 486; Railway v. Shearer, 21 S. W. Rep., 133; Rosenbaum v. Shoffner, 40 S. W. Rep., 1086; Anderson v. Miller, 33 S. W. Rep., 617; Franklin v. Railway, 5 Am. St., 856; Palmer v. Andover, 56 Mass., 600; Houfe v. Fulton, 29 Wis., 296; Brennan v. St. Louis, 2 S. W. Rep., 481; Hey v. Philadelphia, 81 Pa. St., 44; Chicago v. Schmidt, 107 Ill., 186; Baldwin v. Greenwoods Pike Co., 40 Conn., 238; City of Crawfordville v. Smith, 79 Ind., 308; Carterville v. Cook, 129 Ill., 152; Binford v. Johnson, Ind.; Hull v. Kansas, 54 Mo., 598; Troy v. Railway, 99 N. C., 298; Aetna Insurance Co. v. Boon, 95 U. S., 399; Atchison v. King, 9 Kan., 375; Taylor v. Yonkers (N. Y.), 18 Am. and Eng. Corp. Cases, 266; Olathe v. Mizer, 48 Kan., 434; Joliet v. Shufeldt, 144 Ill., 403; McClure v. City of Sparta, 84 Wis., 269.

Defendant in error respectfully submits that the court erred in reversing and remanding this cause for trial upon plaintiff in error's fifth assignment of error. Eames v. Railway, 63 Texas, 660; Seale v. Railway, 65 Texas, 274; Railway v. Green, 36 S. W. Rep., 812; Railway v. McClain, 80 Texas, 96; Railway v. Ferch, 44 S. W. Rep., 317; Gonzales v. City of Galveston, 84 Texas, 3; Railway v. Sweeney, 6 Texas Civ. App., 173; Railway v. Bigham, 38 S. W. Rep., 162; O'Connor v. Andrews, 16 S. W. Rep., 628; Railway v. Kelly, 35 S. W. Rep., 78; Railway v. Wesener, 2 S. W. Rep., 667; Klien v. City of Dallas, 8 S. W. Rep., 90; Bonner & Eddy v. Wingate, 78 Texas, 333; Railway v. McWhirter, 77 Texas, 356; Baldridge, etc., Co. v. Cartrett, 75 Texas, 628; Railway v. Donaldson, 73 Texas, 124; Railway v. Bridges, 74 Texas, 520; Buffalo B. S. Co. v. Milby, 63 Texas, 492; Galveston v. Posnainsky, 62 Texas, 118; Railway v. Hoard, 49 S. W. Rep., 142; Railway v. Hennesy, 49 S. W. Rep., 918; Railway v. Summers, 49 S. W. Rep., 1106; Railway v. Ormond, 64 Texas, 489; Fordyce v. Yarbrough, 21 S. W. Rep., 421; Railway v. Richart, 29 S. W. Rep., 1040; White v. Railway, 46 S. W. Rep., 383; Railway v. Jackson, 44 S. W. Rep., 1072; Brown v. Cooper, 31 S. W. Rep., 316; Railway v. Croskell, 25 S. W. Rep., 486; Railway v. Mussette, 24 S. W. Rep., 520; Railway v. Cook, 27 S. W. Rep., 769; Railway v. Kelly, 34 S. W. Rep., 809; Railway v. Sweeney, 6 Texas Civ. App., 173; Railway v. Shearer, 21 S. W. Rep., 133; Railway v. Bergsland, 34 S. W. Rep., 155; Railway v. McKinkey, 78 Texas, 298; Railway v. Weisen, 65 Texas, 443; Railway v. Lowry, 61 Texas, 150.

It is a general rule that where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate,—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible,—the municipality is liable, provided such injury would not have been sustained but for such defect. Elliott on Roads and Streets, 431; Shearm.

on Neg., 4 ed., 364; Rosenbaum v. Shoffner, 40 S. W. Rep., 1086; Anderson v. Miller, 33 S. W. Rep., 617; Hinckley v. Somerset, 14 N. E. Rep., 166; Faren v. Sellers, 4 Am. St. Rep., 256; Franklin v. Railway, 5 Am. St. Rep., 856; Palmer v. Andover, 56 Mass., 600; Maus v. City of Springfield, 14 S. W. Rep., 630; Railway v. Roberts, 19 S. W. Rep., 1055; Lochridge v. Fesler, 37 S. W. Rep., 65; Brown v. Railway, 1 S. W. Rep., 129; Alexander v. Humber, 6 S. W. Rep., 453; Henry v. Railway, 21 S. W. Rep., 214; Hey v. Philadelphia, 81 Pa. St., 44; Chicago v. Schmidt, 107 Ill., 186; Baldwin v. Turnpike Co., 16 Am. Rep., 33; Campbell v. City of Stillwater, 50 Am. Rep., 572; Crawfordsville v. Smith, 79 Ind., 308; Carterville v. Cook, 129 Ill., 152; Binford v. Johnson, Ind. Sup. Ct.; Smith v. Railway, Minn. Sup. Ct.; Gas Co. v. Robinson, Pa. Sup. Ct.; Poeppers v. Railway, 67 Mo., 715; Hull v. City of Kansas, 54 Mo., 598; City of Joliet v. Verley, 35 Ill., 58; Troy v. Railway, 99 N. C., 298; Page v. Bucksport, 64 Me., 51; Henry v. Dinnis, 93 Ind., 452; Milwaukee Railway v. Kellogg, 94 U. S., 469; Insurance Co. v. Boon, 95 U. S., 117; Kennedy v. Mayor, 73 N. Y., 365; Smith v. City of Leavenworth, 15 Kan., 81; Atchison v. King, 9 Kan., 550; Bunch v. Town of Edenton, 90 N. C., 431; Aldrich v. Gorham, 77 Me., 287; Taylor v. City of Yonkers, 18 Am. and Eng. Corp. Cas., 266; Storrs v. City of Utica, 17 N. Y., 104; City of Olathe v. Mizee, 48 Kan., 435; McQuillan v. City of Seattle, 10 Wash., 464; City of Joliet v. Shufeldt, 144 Ill., 403; McClure v. City of Sparta, 84 Wis., 269; Cline v. Railway, 43 La. Ann., 327; Purple v. Greenfield, 138 Mass., 1; Gould v. City of Topeka, 5 Am. and Eng. Corp. Cas., 595; Oklahoma v. Myers, 46 Pac. Rep., 552; Dalton v. Upper Tyrone, 20 Atl. Rep., 637; Nichols v. St. Paul, 44 Minn., 494; Plymouth v. Graver, 125 Pa. St., 24; Olson v. Chippewa Falls, 71 Wis., 558; Ord v. Nash, 50 Neb., 335; Robinson v. Wilmington (Sup. Ct.), 8 Houst., 409; City of Henderson v. White, 49 S. W. Rep., 764.

Defendant in error contends that while the tilting or springing up of the plank, as stated by Judge Denman in his opinion, was the proximate cause of the accident, yet it was not the cause of the injury. The city, having notice of the dangerous hole, in leaving it unrepaired and then subsequently placing planks over it, is held bound to have anticipated that injury might be the natural and probable consequence of such negligence.

DENMAN, ASSOCIATE JUSTICE—This suit was brought by James G. Jones to recover damages for injuries sustained by his wife from falling into a ditch or hole in the sidewalk in said city. Jones having recovered judgment, the city appealed to the Court of Civil Appeals, which court having affirmed the judgment, the city has brought the cause to this court upon writ of error.

The first count in the petition stated the defendant's negligence substantially as follows: That the city filled up a natural drain at the point where a street crossed the same, and in providing an outlet for

the water, which naturally came down such drain, so unskillfully constructed the same that it did not carry off large quantities of accumulated water, but allowed it to accumulate against the bank, causing it to constantly and repeatedly cave in and be unsafe and dangerous for travel; "that the street and sidewalk along said street was defectively and negligently constructed and graded and was left far above the natural drain below, and no guards were placed along same to protect passengers on said sidewalk, and that by reason of said defective construction of said sewer and said embankment and street and sidewalk, it repeatedly caved in, undermined, and washed away, leaving a large and deep hole along said sidewalk, and by reason of the acts of said city, became hazardous and dangerous to all passengers, of all of which defendant had due and legal notice." This count then proceeds to state that Mrs. Jones in passing along said sidewalk, without negligence upon her part, fell into said hole and was injured. The second count, after stating the condition of the street subsequent to the work done by the city in filling up the drain, alleges the defendant's negligence as follows: "That said city negligently and unskillfully filled up the street and placed a culvert or conduit for the water under said street, causing the water to flow against the embankment above and below and to loosen the embankment, causing the sidewalk on the east side of the street to cave in and form a hole eight or ten feet deep along said sidewalk; that along said sidewalk were placed, at the instance or with the consent of said defendant city, planks across said hole which were upturned and not securely fastened, leaving said sidewalk at said place insecure, hazardous, and dangerous, all of which was well known to defendant, and due notice of same was given to defendant more than ten days prior to the injury hereinafter stated." This count then proceeds to state that Mrs. Jones, in passing along said sidewalk, without fault on her part, fell over said sidewalk into the hole, whereby she was injured.

Mrs. Jones' mother, who was with her at the time of the accident, testified in regard to the occurrence as follows: "She was walking before me and we were talking. She fell into a hole in the sidewalk. * * * She was as careful as she could be at the time she was hurt, but the plank on which she was walking seemed to spring up. * * * The cause of Mrs. Jones falling was that the plank on which she was walking sprang up, and I was on one part of it and the other part of it tilted up and threw her down. There was something under the plank. There were two planks side by side and that ran across the hole into which she fell." Mrs. Jones stated the circumstances immediately connected with the accident as follows: "I came to Dallas in May, 1894. On the evening of the 28th of May, 1894, about half past 7 o'clock, I was walking with my mother, who had recently come to Dallas. We walked down to Harwood Street, and, as it was too dark to go to the park, we walked to the opposite side of Harwood Street and came back on the other side, and we walked on some planks, and

the planks sprung up and threw me off. I was as careful as I could be."
The other testimony in the case showed that there was a hole or ditch
under the planks, made by the water, as stated in the petition, into
which hole Mrs. Jones fell as stated in their testimony above. There
was much testimony in regard to the condition of said hole or ditch in
the sidewalk and the length of time it had been there, as well as to its
dangerous character and as to the notice the city had of its existence
prior to the accident. The defendant in its testimony claimed that it
had filled up the hole about the 17th day of April, 1894. The court
charged that if the jury so found, and if they should believe further
that the city then used reasonable care to make the sidewalk reasonably
safe for travel, and that thereafter it had no notice, actual or con-
structive, of the sidewalk becoming unsafe for travel, then they should
find for defendant.

The court refused to give the following charge requested by defend-
ant: "You are instructed that if you find that plaintiff's wife was in-
jured by reason of the fact, if you find such to be the fact, that a plank
over a hole in defendant's sidewalk was loose or warped and would not
have occurred but for the fact that such plank was loose or warped,
then before plaintiff can recover damages against defendant you must
find from the evidence before you that defendant's officers, agents, or
servants, or some of them, had actual notice that the same was loosened
or warped, or that the same had been in such condition for such a length
of time before said accident that by the use of reasonable diligence
and care they could have known of said fact before said accident."

We are of opinion that the court erred in refusing to give this charge
as being applicable to the second count of the petition and the evidence
of Mrs. Jones and her mother as to what caused the accident. Under
this count and their evidence, the jury might have found that the
plank being loose was the sole cause of the accident, and if they had
so found the city would not have been liable unless the notice referred
to in the charge existed, and whether or not such notice existed was,
to say the least, a disputed question of fact. In order to hold the city
liable, the notice must have been shown in reference to the particular
defect which caused the accident, and it would be wholly immaterial
to show notice of any other. It is true the first count in the petition
charges the negligence producing the injury to have consisted in leav-
ing the hole in the sidewalk, and if the evidence justified a finding that
the negligent leaving of the hole in the sidewalk caused the accident
(as to which we express no opinion), then in recovering upon such
count it would be necessary to show the notice with reference to the
existence of such hole, but notice with reference thereto would not affect
defendant's liability in any way unless it was at least one of the causes
of the accident. The jury may have found that the plank being loose
was the sole cause of the accident, though it may be conceded that the
injuries of Mrs. Jones were greatly aggravated by the existence of the
hole in the sidewalk. This would be true in every case where the city

in the exercise of its discretion bridges over a ravine or ditch and subsequently a plank in the bridge becomes loose, whereby one is precipitated into the creek below. In such case the sole cause of the accident is the fact that the plank became loose.

We use the word *cause* in the sense of *proximate cause.* It will be observed that it is not charged in the petition nor did plaintiff attempt to prove that defendant was negligent in constructing an insufficient crossing over the hole. The specific negligence charged with reference to such crossing is that the planks constituting same were not fastened. City of Atchison v. Jansen, 21 Kan., 404; Hiner, Administrator, v. City, 71 Wis., 81. We think the city was entitled to the special charge applying the law to the particular facts of the case. Railway v. Sheider, 88 Texas, 152; Railway v. McGlamory, 89 Texas, 639. Judgment will be reversed and the cause remanded.

Opinion filed February 13, 1899.

ON REHEARING.

GAINES, Chief Justice.—After a careful consideration of the motion for a rehearing in this case, we have reached the conclusion that we erred in reversing the judgment of the trial court and that of the Court of Civil Appeals.

We granted the writ of error for the reason that we were of opinion that the trial court erred in admitting certain testimony as to plaintiff's damages. The objection was that the allegations in the petition were not broad enough to admit the evidence. But upon consideration of the case after submission, we concluded that the averments of the petition were sufficiently comprehensive and that the court did not err in admitting the testimony. Nor did we find that the assignments, with one exception, pointed out any other error. Upon a reconsideration of the case upon the motion for a rehearing, we have changed our opinion not only as to the specification of error which we then sustained, but also as to one which we then overruled.

In our former opinion, it was held that the court should have given the following charge, as requested by counsel for defendant: "You are instructed that if you find that plaintiff's wife was injured by reason of the fact, if you find such to be a fact, that a plank over a hole in defendant's sidewalk was loose or warped, and would not have occurred but for the fact that such plank was loose or warped, then before plaintiff could recover damages against defendant, you must find from the evidence before you that defendant's officers, agents, or servants, or some of them, had actual notice that the same was so loose or warped or that the same had been in such condition for such length of time before the said accident that by the use of reasonable diligence and care they could have known of such fact before the said accident. By reasonable diligence and care as used in this charge is meant such diligence and care as a person of ordinary prudence would have used

in such a matter under similar circumstances." We now think that the court gave a charge which accorded better with the pleadings and evidence; and that therefore the requested instruction was properly refused. The petition contained two counts; and, while separate counts in a petition have been deprecated by this court, there was no exception on that account in this case, and therefore the plaintiff was entitled to recover upon either. In the first count, it was alleged that by reason of a defectively constructed sewer and embankment on the street on which the accident occurred, "said embankment along said Harwood Street constantly and repeatedly caved in and was thereby rendered unsafe, dangerous, and extremely hazardous for traveling, especially for persons traveling along said side of said street; that the street and sidewalk along said street was defectively and improperly and negligently constructed and graded and was left far above the natural drain below and no guards were placed along same to protect passengers on said sidewalk; and that by reason of said defective construction of said sewer and said embankment and street and sidewalk it repeatedly caved in, undermined, and washed away, leaving a large and deep hole along said sidewalk, and by reason of the acts of said city, became hazardous and dangerous to all passengers, of all of which defendant had due and legal notice." In the second count, the allegation as to the defect in the street is "that said city negligently and unskillfully filled up said street and also placed a culvert or conduit for the water under said street, causing the water to flow up against the embankment above and below and to loosen the embankment, causing the sidewalk on the east side of said street to cave in and form a hole eight or ten feet deep along said sidewalk; that along said sidewalk were placed at the instance or with the consent of said defendant, city of Dallas, planks across said hole which were upturned and loosened and not securely fastened, leaving said sidewalk at said place insecure, hazardous, and dangerous, all of which was well known to defendant, and due notice of same was given to defendant more than ten days prior to the injury hereinafter stated.

"That it was the duty of said defendant to keep its streets and sidewalks in proper repair, yet said defendant failed and refused, although duly notified to repair said sidewalk along said street."

The court, in its general charge, instructed the jury as follows:

"If you find and believe from the evidence that on or about the 17th day of April, 1894, the defendant did use reasonable care in repairing said sidewalk where the injury occurred so as to make the same reasonably safe for travel, but that thereafter said sidewalk became from any cause unsafe for travel and the defendant city had notice thereof, either actual or constructive, and failed to repair the same so as to make it reasonably safe for travel, and that as the direct and proximate result of such unsafe condition, if any, and the failure of defendant to repair such sidewalk, if any such is shown after notice had by it thereof, plaintiff's wife, without fault or want of due and reasonable

care on her part, fell into the hole in said sidewalk and suffered injuries therefrom, then in such event, you will find for plaintiff.

"As to constructive notice, you are charged that if you find that said sidewalk, at the time of the accident, was unsafe for travel, and that such condition existed for such length of time before said accident as that the officers of the city of Dallas by reasonable care and inspection of the streets and sidewalks would have discovered the same, notice may be inferred. And it is for you to determine from all the facts and circumstances in evidence whether or not the defendant did have notice of the condition of said sidewalk after the 17th of April, 1894, if you find it was defective thereafter.

"If you find and believe from the evidence that on or about the 17th day of April, 1894, the defendant repaired the sidewalk at the place where plaintiff's wife was injured, and in doing so used reasonable care to make the same reasonably safe for travel thereon, and that thereafter it had no notice, actual or constructive, as above explained, of such sidewalk becoming unsafe for travel, if it did so become unsafe, then and in such event you will find for defendant."

The instruction which was requested and refused charged the jury to find for the defendant, unless they should find the injury resulted from a warped or loose plank, and the city had notice of the defect. This was practically to instruct them to disregard the allegations and evidence as to the hole under the sidewalk and its original faulty construction. The evidence showed that there was a hole in the sidewalk of considerable extent, and that it was guarded solely by a walk made of two twelve-inch planks laid lengthwise along the walk two inches apart and nailed to sleepers eight or ten feet apart. This was evidently a dangerous construction in itself. It was dangerous without reference to the question of repair. If the plank walk had been properly safeguarded, the accident would not have occurred as it did, although the plaintiff's wife may have tripped and fallen. If the jury found that the walk was negligently constructed, and that without fault on her part Mrs. Jones fell off and into the hole, it seems to us she was entitled to recover whether the planks were securely nailed or not. If the plank had become loose and the city was chargeable with notice of the fact and Mrs. Jones' fall was caused by the loose plank, it was but another act of negligence on the city's part contributing with the general faulty construction of the walk to her fall into the hole. But if the plank was securely fastened and Mrs. Jones, without fault on her part, in the dark, made a misstep and stumbled,—a contingency likely to occur,—and fell into the hole, we think it clear the city would have been liable. Nor do we think the case would have been different if the plank had become loose and caused Mrs. Jones to fall, and the city was without notice, actual or constructive, of the defect.

The hole under the sidewalk and the dangerous construction that bridged it were the immediate cause of the injury,—a cause without

which the specific injury would not have been inflicted. The following terse statement of the law by a distinguished jurist and text-writer is, we think, peculiarly applicable to the case: "If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent." Cooley on Torts, 2 ed., 76. Since the requested charge made the liability of the city depend upon the question of a plank having become loose and upon its notice of the defect, we are of opinion that it was correctly refused.

In his petition, the plaintiff claimed $100 for medical services and medicine for his wife, made necessary by her injuries. On the trial, being upon the stand as a witness, he was asked by his counsel the question, how much he had paid out for doctors' bills, to which he answered $200. The testimony was objected to on the ground that the demand was "not itemized" in the petition, and the objection was overruled. In this particular, the ruling of the court was obviously correct. But the charge of the court instructed the jury that if they should find for plaintiff, they should find such an amount of damages as would compensate him (among other things) "for his expense necessarily incurred in respect to [his wife's] injuries, if any had been shown." This was without qualification. When the evidence as to an element of damage would authorize a recovery for a greater amount than that claimed in the petition, it is affirmative error to instruct the jury to allow for the amount shown by the evidence. It is not the case of an instruction which is defective in not covering every point, but which is good as far as it goes. In the latter case, the party desiring a more comprehensive instruction must ask for it. Not so in the former; it is error which works a reversal of the judgment. But we know the error in the charge has prejudiced the plaintiff in error only to the extent that the sum testified to exceeds the amount claimed in the petition. It is a proper case for a remittitur if the defendant in error sees proper to allow one.

If, therefore, a remittitur for $100 be filed in ten days, the judgment will be affirmed; otherwise, it will be reversed and the cause remanded.

*Reversed and remanded.*