DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. HOWELL ENGLISH.

Decided March 24, 1906.

**1.—Testimony—Conclusion of Witness.**

The defendant offered to prove by an eye-witness to the accident that the motorman made a good stop; that in the judgment of the witness it was as quick a stop as could have been made at that time and place.  Held, properly excluded as calling for a conclusion of the witness.

**2.—Pleading—Evidence—Charge.**

There was evidence of injury to plaintiff's neck, but no pleading to that effect.  The court by its charge permitted recovery for all physical pain.  Held, error.

**3.—Charge—Issues—Affirmative Presentation.**

Parties are entitled to have the facts as pleaded grouped and the issues affirmatively presented to the jury for decision, and, upon request, to have the minds of the jury directed to the very facts involved in the issue and invoke their judgment upon the evidence relative thereto.

**4.—City Ordinance—Fast Driving.**

City ordinance concerning driving in public thoroughfare considered, and held to have no application to the issues in this case.

Appeal from the District Court of Dallas County.  Tried below before Hon. Richard Morgan.

*Finley, Knight & Harris,* for appellant.—Where a witness to an accident is shown to be familiar with stopping of cars and has testified to the process necessary to the stopping of a car and as to the different conditions and circumstances that influence the stopping of same, and testified that he witnessed the stopping of the car on the occasion of the accident inquired about, it is competent for him to give his opinion as to whether

or not it was a good stop, where he has previously testified to the facts upon which such opinion is based. Galveston, H. & H. Ry. v. Bohan, 47 S. W. Rep., 1052; Scalf v. Collin County, 80 Texas, 514.

Where the evidence shows that plaintiff had sustained certain injury not alleged or claimed in his petition, from which he had suffered, it was error for the court to instruct the jury that if they should find for the plaintiff, "then the amount of such verdict should be such sum of money, if any, as in your best judgment in the light of the testimony before you, will be a reasonable pecuniary compensation to plaintiff for all such physical pain, if any, and mental suffering, if any, and impairment, if any, of his ability to earn money, as the plaintiff may have sustained as the direct result of said accident," without limiting the recovery to the injury and suffering claimed in the petition. Texas & Pac. Ry. v. Durrett, 58 S. W. Rep., 187; International & G. N. Ry. v. Shaughnessy, 81 S. W. Rep., 1026; City of Dallas v. Jones, 93 Texas, 47; Southern Pac. Ry. v. Martin, 83 S. W. Rep., 675; International & G. N. Ry. v. Beasley, 29 S. W. Rep., 1121; Texas & Pac. Ry. v. Frank, 13 Texas Ct. Rep., 236; Gulf, C. & S. F. Ry. v. Simonton, 22 S. W. Rep., 285; Missouri, K. & T. Ry. v. Pawkett, 68 S. W. Rep., 323; Martin-Brown Co. v. Pool, 40 S. W. Rep., 820.

That the court erred in refusing to give the special charges requested by defendant, and quoted in the opinion, cited: Citizens Ry. v. Ford, 60 S. W. Rep., 682; St. Louis, S. F. Ry. v. McClain, 80 Texas, 98; Taylor, B. & H. Ry. v. Taylor, 79 Texas, 113; International & G. N. Ry. v. Walters, 80 S. W. Rep., 669; Railway v. Corley, 26 S. W. Rep., 904; Decatur, etc., Mill Co. v. Johnson, 35 S. W. Rep., 951; Bell v. Martin, 28 S. W. Rep., 109; Rost v. Missouri Pac. Ry. Co., 76 Texas, 172; International & G. N. Ry. v. Stewart, 57 Texas, 166; Baker v. Ashe, 80 Texas, 361; Missouri, K. & T. Ry. Co. v. Short, 58 S. W. Rep., 56.

The court erred in refusing defendant's requested charge No. 4, as follows: "If you find and believe from the evidence that the plaintiff herein did not slacken the pace of his animal as he approached the scene of the accident, and that such failure on his part to slacken the pace of his horse contributed to the accident complained of herein, then you are instructed that he was violating an ordinance of the city of Dallas in full force and effect at said time and place, and that he was guilty of contributory negligence."

The ordinance referred to was as follows: "Title 2, chapter 2, article 297.—That all persons who shall in this city ride or drive any animal or animals in any highway, thoroughfare or public place quicker than or beyond a moderate gait; provided a moderate gait be seven miles per hour, or shall not slacken the pace of said animal in approaching any cross-walk upon which any person may be in the act of crossing, or in the act of approaching or leaving a street car, or shall ride or drive any such animal so as to cause such animal or vehicle thereto attached to come into collision with or strike any other vehicle or person, or shall have any animal standing in any public place without being fastened, or so guarded as to prevent its running away, or shall turn any such animal loose in any thoroughfare shall be deemed guilty of a misdemeanor and shall be fined not less than three nor more than one hundred dollars."

*Marcus M. Parks,* for appellee.—That the testimony of the witness Robertson was not admissible, cited: Sonnefield v. Mayton, 39 S. W. Rep., 166; Brown v. Mitchell, 88 Texas, 350, and the authorities there cited.

That the special charges requested by defendant, and quoted in the opinion, were properly refused, cited: International & G. N. Ry. Co. v. Neff, 28 S. W. Rep., 283; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166; Missouri, K. & T. Ry. Co. v. McGlamony, 89 Texas, 635; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 58; Harper v. Kopp, 73 S. W. Rep., 1127; Fordyce v. Yarbrough, 21 S. W. Rep., 421; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 71 and 330; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 183; Railway Company v. Garcie, 75 Texas, 591; Martin v. Texas & Pac. Ry. Co., 87 Texas, 121; Texas & Pac. Ry. Co. v. Curlin, 13 Texas Civ. App., 506; Paris, M. & S. P. Ry. Co. v. Nesbit, 38 S. W. Rep., 243; International & G. N. Ry. Co. v. Anchonda, 75 S. W. Rep., 557; Weatherford, M. W. & N. W. Ry. Co. v. Duncan, 31 S. W. Rep., 565; Gulf, C. & S. F. Ry. Co. v. Williams, 39 S. W. Rep., 967; Hillsboro Oil Co. v. White, 3 Am. Neg. Rep., 104; Texas & Pac. Ry. Co. v. Breadow, 35 S. W. Rep., 492; Riviere v. Missouri, K. & T. Ry. Co., 40 S. W. Rep., 1047; Houston & T. C. Ry. Co. v. Kelly, 13 Texas Civ. App., 10-14; Baker v. Ashe, 80 Texas, 361.

Special charge No. 2, requested by appellant should have been refused, because (1), it was upon the weight of the evidence; (2) it did not leave the jury to say whether the failure to check the speed of the horse contributed to the accident, that is, it does not leave the question of proximate cause to the jury; and (3) it does not leave to the jury whether a person of ordinary prudence could or would, under similar circumstances, have avoided the accident; (4) it does not instruct the jury as to the penalty for contributory negligence if they should find appellee guilty of contributory negligence; (5) it ignores the question of discovered peril, and, as drawn, was calculated to confuse and mislead the jury; and (6) it being incorrect in the terms in which it was drawn, and the court having in general terms covered the point by the general charge, it was the duty of the lower court to refuse the special charge.

That it did not leave proximate cause to jury: St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 96; Campbell v. McCoy, 23 S. W. Rep., 34; International & G. N. Ry. Co. v. Culpepper, 46 S. W. Rep., 922; Texas & P. Ry. Co. v. Pollard, 2 Texas Civ. App., 430; Eads v. Marshal, 29 S. W. Rep., 171; Central Texas Ry. Co. v. Hoard, 49 S. W. Rep., 143; Missouri, etc., v. Lyons, 53 S. W. Rep., 97; That it did not state the penalty of contributory negligence. International & G. N. Ry. Co. v. Neff, 28 S. W. Rep., 285.

Title 2, chapter 2, article 297, of the ordinances of the city of Dallas, have no application to this case. Said ordinance as drawn does not in terms make it negligence per se for appellee not to slacken the pace of his animal as he approached the scene of the accident, and special charge No. 4, requested by appellant, makes it negligence per se for appellee not to slacken the pace of his animal as he approached the scene of the accident, and ignores the question of ordinary care or negligence *vel non,* and is for that reason erroneous.

There is no evidence in the record that any person was in the act of

approaching or leaving a street car upon any cross-walk, as appellee approached the car on the occasion of the accident, and therefore the special charge requested had no application to the facts proved.

If the ordinance be construed to have any application to the facts, it is an unreasonable ordinance and void; and if it is not void as a matter of law, the question of its reasonableness was a question for the jury. Mills v. Missouri, K. & T. Ry. Co. of Texas, 59 S. W. Rep., 874.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted in the Forty-fourth Judicial District Court of Dallas County by appellee, for damages on account of personal injuries alleged to have been sustained by him on August 10, 1903, in a collision with one of the defendant's cars at a point where Main and Hawkins Streets of said city intersect.

In his amended petition, upon which the cause was tried, appellee alleged, among other things, in substance: That on August 10, 1903, while plaintiff was driving, in a vehicle drawn by a horse in the city of Dallas, and crossing Main Street at its intersection with Hawkins Street, defendant negligently ran and propelled one of its cars into and against the horse driven by plaintiff, smashing and injuring the said buggy and horse and the harness on said horse, and seriously injuring the plaintiff.

Appellant pleaded general and special exceptions, a general denial and specially that plaintiff was guilty of contributory negligence in the following particulars, namely: That as he approached the place of the accident he negligently failed to look and listen for the approach of defendant's car; that when he discovered said car he failed to exercise ordinary care to avoid a collision therewith, and failed to check the speed of his horse in sufficient time to avoid the accident; that as the plaintiff approached the scene of said accident, he was driving his horse through the streets of the city of Dallas at a faster gait than seven miles per hour, in violation of an ordinance of the city of Dallas, which ordinance was in full force and effect at the time of the act aforesaid; that plaintiff, at the time of the accident complained of herein, was negligently driving on the streets of the city of Dallas in an intoxicated or semi-intoxicated condition, and that by reason of such fact he was not exercising that care for his own safety which a person of ordinary care and prudence would have exercised under the same or similar circumstances.

A jury trial resulted in a verdict and judgment in favor of appellee in the sum of $2,275, from which appellant has appealed.

Appellant's first assignment of error complains of the action of the court in refusing to permit the witness Robertson, who it seems, had seen the accident, to testify by deposition, that the motorman at the time of the accident made a good stop; that in the judgment of the witness it was as quick a stop as could have been made at that time and place. The testimony was objected to on the ground that it called for the conclusion of the witness, and was excluded by the court. The witness by his own testimony showed some familiarity with the stopping of cars and the conditions and circumstances that influenced the stopping of the same, and while similar testimony as that excluded has sometimes been allowed and sustained by the Appellate Courts, yet we are not prepared to say that the trial court in this instance has committed reversible error. Whether the witness has qualified himself to testify as an expert upon any

subject undergoing investigation or has "sufficiently observed and considered the particular matter under consideration to qualify him to form and express an opinion thereon" are questions for the determination of the trial court and its action will not ordinarily be reviewed, unless an abuse of its discretion is made to appear. No such abuse of the court's discretion is shown in this instance.

Complaint is made of the following paragraph of the court's charge on the measure of damages: "If your verdict should be for the plaintiff, then the amount of such verdict should be such sum of money, if any, as in your best judgment, in the light of the testimony before you, will be a reasonable pecuniary compensation to plaintiff for all such physical pain, if any, and mental suffering, if any, and impairment, if any, of his ability to earn money, as the plaintiff may have sustained as the direct result of said accident, and also for all such injury, if any, to the plaintiff's horse or buggy or harness as may have been the direct result of the said accident."

It is contended that the evidence showed injury to appellee's neck, not alleged in his petition, from which he has suffered, and that the above charge was erroneous in that it did not limit appellee's recovery to the injuries and suffering claimed in said petition. We think the contention must be sustained. There was no allegation in appellee's petition that he had received any injury to his neck, or that he suffered any pain in his neck; nor do we think the injuries alleged would necessarily result in injury to the neck or include such an injury. Appellee testified that when the collision occurred he was thrown out of the buggy and fell on his neck, back and shoulder; that his head, neck and left arm seemed to be the parts upon which he fell; that it stunned him and knocked him "kind of silly" when he first hit the ground. W. D. Banks, who was in the buggy with appellee at the time of the accident, testified: "I never heard of his (appellee) being unwell or making any complaint before the accident, and after the accident every time I saw him he appeared to be puny and told me then he was suffering with pain in his shoulder and neck. I saw him frequently and he would tell me his injuries still hurt him. He complained to me frequently about suffering with his shoulder and neck."

It will be observed that the charge objected to instructed the jury that in the event their verdict was for the plaintiff then the amount thereof should be such sum of money, if any, as . . . in the light of the testimony . . . would be a reasonable pecuniary compensation to plaintiff for *all* such physical pain, if any, and mental suffering, if any, and impairment, if any, of his ability to earn money as the plaintiff may have sustained as the direct result of said accident. This language is broad enough to embrace and authorize the jury, in estimating appellee's damages, if any, to take into consideration any injury to his neck received in said accident and any physical and mental pain suffered by him, or impairment of his ability to earn money, as a result thereof. The nature and character of appellee's injuries were specifically alleged. The evidence quoted tended to show an injury to appellee's neck, and physical and mental pain resulting therefrom, which were not alleged. There was a general verdict and what amount was allowed by the jury for injury to appellee's neck and the physical and mental pain suffered

by reason thereof can not be told. Under these circumstances the charge was affirmative error. It should have limited appellee's recovery to the injuries and suffering alleged in his petition. (City of Dallas v. Jones, 93 Texas, 38; Texas & Pac. Ry. Co. v. Durrett, 58 S. W. Rep., 187; International & G. N. Ry. Co. v. Shaughnessy, 81 S. W. Rep., 1026.)

The court's charge presented the issue of contributory negligence on the part of appellee in general terms only, and appellant requested the following special charges, namely:

"1.   If you find and believe from the evidence that the plaintiff herein as he approached the scene of the accident complained of herein, failed to look and listen for the approach of defendant's car, and that such failure on his part contributed to the accident complained of herein; and that a person of ordinary prudence would not have so acted under the same or similar circumstances, then you are instructed that this would constitute contributory negligence on the part of the plaintiff."

"2.   If you find and believe from the evidence that when the plaintiff discovered the approach of the defendant's car, he failed to check the speed of his horse in sufficient time to avoid an accident, and that a person of ordinary prudence would and could have checked the speed of his horse in time to have avoided an accident, then you are instructed that this would constitute contributory negligence on the part of plaintiff."

"3.   If you find and believe from the evidence that at the time of the accident complained of herein, the plaintiff was in a state of intoxication, or semi-intoxication, and that such state of intoxication or semi-intoxication placed him in such condition that he was unable to and failed to exercise that caution and care required of him under instructions heretofore given, and that such condition contributed to the accident complained of herein, then you are instructed that this constituted contributory negligence on the part of the plaintiff."

The refusal of the court to give these special charges is the basis of appellant's third, fifth and eighth assignments of error. We think each of these charges embodied a correct proposition of law applicable to the facts and should have been given. Appellant charged the appellee with contributory negligence in that he failed to look and listen for the approach of the car causing his injury, in that when he discovered said car he failed to exercise ordinary care to check the speed of his horse and thereby avoid a collision with it, in that at the time of the accident plaintiff was negligently driving his horse in an intoxicated or semi-intoxicated condition and that by reason of such condition he was not exercising that care for his own safety which a person of ordinary care and prudence would have exercised under similar circumstances, and was entitled to have the facts as pleaded grouped and the defenses affirmatively presented to the jury for decision. The court had failed to so present the issues in his general charge and the refusal of the special charges was material error. But it is contended by appellee that the special charges in question were correctly refused because the jury were not instructed by said charges, or either of them, how to find in the event they found the group of facts specified therein to exist; that said charges ignored the issue of discovered peril and did not require the jury to find

that the negligence on the part of appellee, if any, in either of the respects therein mentioned, in order to constitute contributory negligence, must have proximately contributed to his injuries. We do not think the court was justified in refusing to give the charges for either of these reasons. The special charges standing alone, would doubtless be open, in some respects, to the objection urged, but they must be read and considered in connection with the explanations and instructions contained in the court's main charge upon the subject to which they relate. As said in Rost v. Missouri Pac. Ry., 76 Texas, 172: "It is a rule as familiar as it is fair that all parts of the charge having reference to the same subject should be read and considered together. An omission complained of in one paragraph abstractly considered may be cured in some other part of the charge." In this case the court gave an appropriate instruction on the subject of discovered peril, in which the jury were distinctly told that appellee's right to recovery on that issue could not be defeated on account of his contributory negligence. The jury were also instructed by the court's main charge what was meant by the term negligence, and that if there was negligence on the part of appellee which contributed to cause the accident then to find for the appellant. The special charges, supplemented by the court's instructions on the same subject and read in connection therewith, are sufficient. The objection that they did not, in terms, direct the jury that the negligence, if any, on the part of appellee must have proximately contributed to the accident in order to defeat his recovery, should not prevail. Similar charges in the respect referred to have been pronounced in many cases to be correct. Besides, while it may be true that cases occur in which a failure on the part of the court to tell the jury, especially if requested to do so, that the negligence of the injured party in order to defeat a recovery must have proximately contributed to the injury, would be reversible error, still we do not think the facts and circumstances shown in the development of the present case bring it within that class. If appellee was guilty of negligence in either of the particulars mentioned in said charges and such negligence contributed to the accident resulting in his injury, then under the circumstances shown it must necessarily have proximately contributed thereto. The fact, or facts, particularized in said charges, respectively, were relied upon and plead, among others, by appellant to establish contributory negligence and there was testimony tending to establish each plea. The appellant was entitled, upon request, to have the minds of the jury directed to the very fact or facts involved in the issue of contributory negligence and invoke their judgment upon the evidence relative thereto. It is settled law that the defendant in a case like the present has the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence establishes the existence of any fact or specified group of facts, which, if true, would in law establish its plea of contributory negligence; and this is true if proper charges are asked as to each of the several special pleas of contributory negligence presented by the record. (Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 152; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52.)

We are inclined to the opinion that title 2, chapter 2, article 297 of the

ordinances of the city of Dallas, have no application to this case and that the trial court did not err in refusing to give appellant's special charge No. 4, predicated thereon.

For the reasons indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*