## TEXAS & P. RY. CO. v. BARNWELL.

(Court of Civil Appeals of Texas. Dec. 24, 1910.)

1. DAMAGES (§ 216*)—INSTRUCTIONS—PERSONAL INJURIES—COMPUTATION OF DAMAGES—"SICKNESS."

In an action for personal injuries, a charge to allow plaintiff compensation for any sickness, physical or mental pain, that he suffered, and for the reasonable value of any time he has lost was erroneous, because the term "sickness" embraces physical and mental pain and loss of time, and the charge was calculated to cause a finding for double damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*

For other definitions, see Words and Phrases, vol. 7, pp. 6502, 6503.]

2. DAMAGES (§ 210*)—INSTRUCTIONS—DAMAGES LIMITED BY ALLEGATION.

Where a plaintiff's petition in an action for personal injuries claimed six months' lost time, and his evidence showed a loss of time equal to about one-half of six years, an instruction allowing recovery for loss of time shown by the evidence was erroneous.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 537; Dec. Dig. § 210.*]

3. DAMAGES (§ 210*)—DECREASE IN ABILITY TO EARN—NECESSITY TO ALLEGE.

In an action for personal injuries, the plaintiff's petition itemized his damages with the amounts and then prayed for an aggregate amount of damages equaling the sum of the various items and for general relief, but did not allege damages for lessened capacity to earn money. Therefore a charge allowing recovery therefor was erroneous.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 537; Dec. Dig. § 210.*]

4. RAILROADS (§ 351*)—ACCIDENT AT CROSSING—INSTRUCTIONS.

In an action for injuries received at a railroad crossing by being struck by a car in

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

making a running switch, an instruction that if plaintiff should, in the exercise of ordinary care, have kept a lookout for the approach of the car by which he was struck, and failed to do so, and thereby helped to cause his injury, the jury should find for defendant, though defendant's agents failed to exercise ordinary care, but that if, just before the cars reached the crossing, the same appeared to be together, and that plaintiff was watching the crossing as the locomotive was crossing over it, not knowing that the car had been uncoupled therefrom and moving on another track, and failed to see whether any car was moving on the track that he was on, and under such circumstances exercised ordinary care, he would not be guilty of any negligence preventing recovery if defendant was guilty of negligence, was properly given.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1215; Dec. Dig. § 351.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by G. S. Barnwell against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. L. Hall and Head, Dillard, Smith & Head, for appellant. Don A. Bliss and Freeman & Batsell, for appellee.

RAINEY, C. J. Appellee brought this suit against the appellant to recover damages for personal injuries received by him at a street crossing in Sherman, by being struck with one of appellant's cars in making a running switch. Appellant answered by general denial, assumed risk, and contributory negligence on the part of appellee. A trial resulted in a judgment for plaintiff for $800, and appellant appeals.

Appellant complains of a paragraph of the court's charge which reads: "If you find for plaintiff, you will allow him by your verdict such a sum as you may believe from the evidence will as a present cash payment reasonably and fairly compensate him for any sickness, physical and mental pain, if any, that he has suffered by reason of his injury, if any, for the reasonable value of any time that you may believe from the evidence he has lost by reason of his injury, if any, and his diminished capacity, if any, to labor and earn money by reason of his injury, if any, not including in this anything you may find for lost time. In this connection you are instructed, if you believe from the evidence plaintiff has suffered physical and mental pain and loss of time or diminished capacity to labor and earn money by reason of some physical ailment or sickness not caused by said injury, if any, you cannot allow plaintiff anything for same. You can only allow for that which resulted of his said injury, if any." The objection to said charge is: "The charge, in submitting as elements of damage, sickness, physical and mental pain, value of lost time, and diminished capacity to labor and earn money, submits a double recovery for the same thing."

We are inclined to think that the term "sickness," used in the charge, embraces physical and mental pain and lost time, enumerated in the charge of the court, and therefore the telling the jury plaintiff could recover for sickness and the other elements of damage, as stated, if shown by the evidence, was calculated to cause a finding for double damages, and was error. Railway v. Brock, 88 Tex. 310, 31 S. W. 500; Railway v. Highnote, 74 S. W. 920; Railway v. Smith, 63 S. W. 1064.

Appellant's second proposition under said assignment is: "In view of the fact that appellee only claimed six months' lost time in his petition and testified to a loss of one-half of his time for over six years, the court should have restricted the recovery to not exceeding six months."

Plaintiff alleged that he had lost not exceeding six months' time, while his evidence shows a loss of about one-half of six years. The charge authorizes a recovery for the loss of time as may be shown by the evidence. This we think error. City of Dallas v. Jones, 93 Tex. 38, 49 S. W. 577, 53 S. W. 377.

Another objection is: "Appellee not having claimed in his petition any damage for his diminished capacity to labor and earn money by reason of his injury, the court erred in submitting the same to the jury."

Appellee, in his petition, itemized his damages as follows: Six months' lost time, $450; medical treatment, $50; and physical pain and mental suffering, $1,500—which will be seen amounts in the aggregate to $2,000. He prays "for his damages in the sum of $2,000, for costs, and for general relief." Not having alleged specifically lessened capacity to earn money, though it could be inferred from the injury alleged, and having specifically alleged the amounts for other damages, a recovery could not be had for lessened capacity to earn money, and therefore the charge was erroneous. Railway v. English, 42 Tex. Civ. App. 393, 93 S. W. 1096; Railway v. Shaughnessy, 81 S. W. 1026; Railway v. Durrett, 24 Tex. Civ. App. 103, 58 S. W. 187.

It is urged that the court erred in not instructing a verdict for defendant, as the uncontradicted evidence shows that plaintiff was guilty of contributory negligence. We do not concur in this contention, but think the evidence was such as required its submission to the jury.

The following charge is assigned as error, to wit: "Again, if you believe from the evidence that plaintiff in the exercise of ordinary care for his own safety ought to have kept a lookout for the approach of said car or cars, and that he failed to keep such a lookout that a person of ordinary care would have done, and thereby helped to cause his own injury, you will find for the defendant, even though you may believe from the evi-

dence that the defendant, its agents or employés, failed to exercise ordinary care in any or all of the respects mentioned in paragraph 6 of this charge. In this connection, however, you are instructed that, if you believe from the evidence that, just before said locomotive and car or cars reached said crossing, the same were together, or reasonably appeared to be together to plaintiff, and that plaintiff observed this, and that he had his attention directed to and was watching the locomotive as the same was crossing over said crossing not knowing that said car or cars had been uncoupled therefrom and were moving on another track, and that for this reason he failed to look back to see whether any car or cars was or were moving on the track that he was on, and if you believe further from the evidence that under such circumstances the plaintiff exercised ordinary care for his own safety, that he would not be guilty of any contributory negligence that would prevent his recovering damages, if you believe from the evidence that the defendant, its agents or employés, was or were guilty of negligence, in any one or more of the respects set forth in clause No. 6 of this charge." This charge correctly applies the law to the evidence and in our opinion is not erroneous.

We think, under the evidence, the court did not err in placing the burden of proof on appellant to show contributory negligence on the part of appellee.

Several requested charges were refused, all of which relate to contributory negligence, and, as the court's charge correctly and sufficiently covered this phase of the case, the assignments are overruled.

For the errors indicated, the judgment is reversed, and the cause remanded.