RAPID TRANSIT RY. CO. v. WILLIAMS.

(Court of Civil Appeals of Texas.   April 1, 1911.)

1. DAMAGES (§ 101*)—PERSONAL INJURIES—MEASURE OF DAMAGES.

In a personal injury action, where there was no evidence that any amount expended or liability incurred by plaintiff for doctor's bills or medicine was reasonable, it was error to submit such item as an element of damage.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 222–229; Dec. Dig. § 101.*]

2. DAMAGES (§ 216*)—PERSONAL INJURIES—INSTRUCTIONS.

Where, in a personal injury suit, evidence shows that injuries were received which were not alleged in the petition, it is affirmative error not to limit the recovery to compensation for injuries alleged, and, where the petition alleged that plaintiff's left shoulder joint was bruised and inflamed, causing arthritis, and her right hip bruised and lacerated, causing inflammation thereof and injuring the joint, and the muscles and ligaments of the lumbar region of her back wrenched, her head and right side bruised, and plaintiff testified to an injury to her neck and breast, and that she suffered pain therein, it was affirmative error to charge that, if the jury found for plaintiff, they should find for her such sum as they believed would compensate her for any physical pain, mental suffering, and diminished capacity to earn money, proximately resulting from the accident in question.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

3. DAMAGES (§ 168*)—PERSONAL INJURIES—EVIDENCE.

In a personal injury action, it was not error to permit plaintiff to testify as to her weight at different times since the accident.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 480–486; Dec. Dig. § 168.*]

4. CARRIERS (§ 317*)—CARRIAGE OF PASSENGERS—INJURY TO PASSENGER—ACTION—ADMISSIBILITY OF EVIDENCE.

In an action by a female passenger against a street railway company for injuries received while alighting from a car, where there was evidence that the car stopped at the corner at which plaintiff had signaled it to stop, and that plaintiff fell from the car after it had started, a city ordinance providing that conductors or drivers shall not allow women or children to leave or enter street cars while in motion was properly admitted.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 317.*]

Appeal from District Court, Dallas County; R. C. Roberts, Judge.

Action by Narcissus Williams against the Rapid Transit Railway Company.   Judgment for plaintiff, and defendant appeals.   Reversed, and remanded.

Baker, Botts, Parker & Garwood, Walter H. Walne, and Spence, Knight, Baker & Harris, for appellant.

TALBOT, J.   Narcissus Williams sued the appellant and the Metropolitan Street Railway Company for damages for alleged personal injuries resulting from an accident on Commerce street, in the city of Dallas, on the 13th day of October, 1908.   On the trial of the cause appellee dismissed her suit against the Metropolitan Street Railway Company, and secured a judgment against appellant in the sum of $200.   Appellant's motion for a new trial having been overruled, it perfected an appeal to this court.

[1] The first assignment of error complains that the court erred in the following paragraph of his charge to the jury: "If you find for the plaintiff, you will find for her such sum of money as you may believe from the evidence will pecuniarily compensate her for the physical pain, if any, mental suffering, if any, and her diminished or impaired capacity, if any, to earn money, proximately resulting to her from the accident in question, together with a reasonable doctor's bill to Dr. J. W. Anderson for treating her, not to exceed $26 for doctor's bill, and a reasonable sum for medicines, not to exceed the sum of $1."   This assignment must be sustained.   There was no evidence showing or tending to show that any amount expended or incurred by the appellee on account of doctor's bills or medicine was reasonable.   The extent of the evidence on these issues was that, after the accident, appellee was treated by a physician, and that his bill for the services rendered her was $26, and that appellee herself bought one bottle of medicine for which she paid $1.   It has been repeatedly held in cases of this character that where there is evidence as to the amount of expense incurred for doctor's bill and medicine in the treatment of the injuries alleged, but no evidence that such amount is a reasonable charge therefor, it is error for the court to submit such item to the jury as an element of damage.   Railway v. Bellew, 22 Tex. Civ. App. 264, 54 S. W. 1079; Railway v. Reasor, 28 Tex. Civ. App. 302, 68 S. W. 332; Wheeler v. Railway, 91 Tex. 356, 43 S. W. 876; Railway v. Hemphill, 125 S. W. 340.

[2] Again, the allegations of the petition with reference to the injuries sustained by appellee as a result of the accident are that the agents of appellant suddenly started the car from which she was attempting to alight, "thereby throwing plaintiff violently to the ground, and bruising and inflaming her left shoulder joint, causing arthritis, bruising and lacerating the right hip, causing inflammation of same, and injuring said joint, wrenching, stretching and tearing muscles and ligaments of the lumbar region of the back, bruising and lacerating her head and right side; which said injuries are serious and permanent in their nature from which she will not and cannot permanently recover.  That by reason of said injuries she was confined to her bed for eight weeks, suffered serious mental anguish and physical pain," etc.   The petition contains allegations of no injuries other than those included in that portion of it here quoted.   The appellee tes-

tified: "I am hurt and my whole arm and neck is affected. I am hurt from down here on the side, and my worst complaint is right in my breast and neck and arms. There is a knot growing in my side. I am not hurt only in my body, neck and arms and side; that is where the greatest misery is. My shoulder is affected and the whole part of me down here is affected clear up in here (indicating). I am so hurt that I can't make my living; I have been trying to work to make something and I make a poor-out working, I go right down." Again, she said: "My shoulder is hurt so I can't use my arm, but when I do use this arm I have to drop everything out of my hand. As I told you, the greatest misery is right in my neck and breastbone here, and in my back. There is a knot growing in there. My back is affected. It just swells up and is sore and it aches. I never go to bed without my back hurting me, and it hurts me every day that I live. My head was hurt, and it hurts me until yet. On account of my neck I couldn't chew anything in two weeks, or eat anything at all, only drink, on account of my neck and head. I hurts, and I have pains that just kill me off. I am suffering now from my injuries, and my throat hurts me so bad I can hardly talk. I am suffering yet from my hurts and my injuries. I have complaints of my side and arm and neck and breast and back. That is my complaint. The lump I had my hand on awhile ago is in my right side. It seems to be a little larger than a hen egg. It has not been there all the time since I was hurt. It was never there before. It gives me trouble. I have cramps and pains with it when I lie down on it." It will be observed that there was no allegation that appellee had received any injury to her neck or to her breast, or that she suffered any pain in the neck or in the breast, and we think it cannot be said that the injuries alleged, or either of said injuries, would necessarily result in injury to the neck or breast of appellee or include such an injury. The charge objected to instructed the jury that, if they should find for appellee, then they should find for her such sum of money as they believed from the evidence would pecuniarily compensate her for the physical pain, if any, mental suffering, if any, and her diminished or impaired capacity, if any, to earn money proximately resulting to her from the accident in question. The charge under the pleadings and evidence, in so instructing the jury, was affirmatively erroneous. The nature of appellee's injuries was specifically alleged, and the evidence tended to show injury to her neck and breast and physical and mental pain resulting therefrom which was not alleged. The charge authorized the jury in estimating appellee's damages, if any, to take into consideration any injury to her neck and breast which she received in the

accident, and any physical and mental pain suffered as a result thereof. It is well settled by the decisions of this state that, where in a personal injury suit the evidence shows that injuries were received which were not alleged in the plaintiff's petition, it is affirmative error for the court to charge the jury that they may find for the plaintiff such sum as will pecuniarily compensate him for the physical and mental pain. suffered as a result of his injuries without limiting the recovery to compensation for the injuries alleged. City of Dallas v. Jones, 93 Tex. 38, 49 S. W. 577, 53 S. W. 377; Dallas Con. Elec. St. Ry. Co. v. English, 42 Tex. Civ. App. 393, 93 S. W. 1096; Railway Co. v. Durrett, 24 Tex. Civ. App. 103, 58 S. W. 187; Railway Co. v. Shaughnessy, 81 S. W. 1026.

[3] We are inclined to think the court did not err in permitting the appellee to testify as to her weight at. different times since the date of the accident.

[4] The fourth assignment complains of the court's action in permitting the appellee to introduce in evidence, over its objection, section 6 of the Revised Criminal Ordinances of the city of Dallas, which reads as follows: "Conductors or drivers shall not allow ladies or children to leave or enter the cars while the same are in motion." The plaintiff's petition charged that the accident occurred by the sudden starting of the car from a standstill while plaintiff was in the act of getting off, and nowhere in said petition was it alleged . that plaintiff alighted from the car while the same was in motion. The appellee testified: "When I got out. there in East Dallas, leaving Duncan street, I pushed the button to get off on Commerce and Walton streets, and I sat down after I pushed the button, and I didn't get up any more until the car got to Commerce and. Walton streets and stopped. There was a. white gentleman standing there fixing to get on the car. When the car stopped, I got up, and the conductor was back there in the rear end, and I looked at him and placed this right foot on the board. I didn't try to get off. I just looked and at that time. when I looked at him again the gentleman caught the car, and I remember falling, and I don't remember anything else until I come to my senses. That is all I know about that." On cross-examination she testified: "That car stopped at Walton street. I am not mistaken about that. I found out it stopped right then where it stopped. It stopped on Commerce and Walton streets. When the white gentleman got on the car started. * * * After I looked at him, I looked back that way, and I remember the car started, and, when the car started, I fell. I would not have tried to get off of the car if it had been running. I would not have tried because I know it would have killed me."

The majority of the court hold that, as-

there was evidence that appellee fell from the car after it started, the trial court properly admitted the ordinance. The writer does not concur in this conclusion. He is of opinion that under the circumstances shown the ordinance in question had no applicability whatever, and should have been excluded.

The judgment is reversed, and the cause remanded.