## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. JOHN LA PRELLE.

### Decided February 7, 1900.

**1. Witness—Impeachment—Evidence of Bias—Predicate.**

It is not competent to introduce evidence to show bias, feeling, or partiality on the part of a witness for the adversary, unless such witness has been previously questioned upon that point.

**2. Same—Refusal to Give Information.**

Without laying a predicate by questioning defendant's witness with reference thereto, it was not admissible to prove that, when applied to on behalf of plaintiff, he refused to give information as to names and whereabouts of others present at the transaction in question in the suit.

**3. Master's Liability for Servant's Malice.**

See opinion as to admissibility of evidence to show that defendant's conductor, for whose assault upon a passenger damages were sought, was a man of violent temper.

**4. Argument of Counsel—Damages—Citing Judgments Affirmed.**

See opinion as to citation of opinions of courts affirming judgments for damages as not excessive, in argument to the jury on amount of damages.

APPEAL from Caldwell. Tried below before Hon. H. TEICHMUELLER.

The argument of defendant's counsel to the jury complained of by appellant and referred to in the opinion, consisted in reading and reference to opinions of the Supreme Court sustaining recoveries of damages in certain cases as not excessive.

Vol. XXII. Civil—38

The evidence of witness Bollen, referred to in the opinion, was that the conductor, Dillon, was a man of irritable temper; and it was objected to because there was no allegation of defendant's employment or retention of him as conductor with knowledge thereof, nor liability for his malice unless it was wrong to employ him.

*Thos. McNeal* and *A. L. Jackson*, for appellant.

*A. B. Storey* and *W. Van Sickle*, for appellee.

FISHER, CHIEF JUSTICE.—This is an action by La Prelle against the railway company for damages arising from injuries inflicted upon him when a passenger on one of the appellant's trains, by the conductor thereof, in an assault and battery upon the appellee. In the trial of the case below, the appellee recovered a judgment for $1500 against the appellant.

The evidence of La Prelle is to the effect that some controversy arose between him and the conductor concerning the fare, or the amount thereof, which the conductor was entitled to collect. The appellee at that time struck the conductor, who immediately left the train in which the appellee was seated, and went toward a sleeping-car in the rear of the train, and in a few minutes the conductor returned with a pistol in his hand; and, according to the testimony of the appellee, the conductor renewed the difficulty, and without excuse or justification made a violent assault upon the appellee, struck him with the pistol, knocked him down, kicked him and cursed him, and inflicted the injuries which appellee claims he sustained, and which he fully describes in his testimony.

Dillon, the conductor, testified in the case, and he contradicts much of the testimony of appellee. His testimony is to the effect that appellee was not injured to the extent as testified by appellee, and that he did not strike him with the pistol, and did not inflict many of the injuries which the appellee in his evidence stated were inflicted by Dillon.

The evidence of the witness in the case shows that in the car where the assault was made there were other passengers, whose testimony was not produced upon the trial, and their whereabouts, it seems, was unknown to appellee. Long after the assault, and after Dillon, the conductor, had ceased to be in the service of the appellant, he was interviewed by Mr. Van Sickle, who, it seems, is one of the attorneys of appellee, and who then requested of Dillon information as to the names and whereabouts of two of the passengers that were in the car at the time of the difficulty; and upon the trial, Van Sickle, over the objection of the appellant, was permitted to testify that Dillon refused to furnish the desired information.

A bill of exception was taken to this evidence, which is followed in this court by an appropriate assignment of error. The appellee, on the trial of the case, did not lay any predicate for the introduction of

this evidence, by first inquiring of witness Dillon as to whether such a request for information had been made of him, for the names of the absent witnesses, and giving the time and place of such request.

The court in its charge to the jury limited the evidence of Van Sickle, as above stated, as affecting only the credibility of witness Dillon. As pointed out, there was a conflict in some respects between the evidence of appellee La Prelle and of the conductor, Dillon; and what effect the jury, in the trial of the case, would give to the evidence of either, would depend much upon the credibility of these two witnesses. The effect of the evidence of Van Sickle, coupled with the charge of the court, was calculated to lead the jury to believe that Dillon was prejudiced against either the plaintiff or his cause; and that his refusal to furnish the information as to the whereabouts of the absent witnesses, was evidence of such prejudice, which could be considered by the jury in determining what effect or weight, if any, should be given to the evidence of witness Dillon.

The common law rule upon the subject, which is decided as far back as the Queen's case (2 Brod. & Bing., 312), is to the effect that where a witness has been examined on one side, it is not competent for the opposite party to introduce evidence to show his bias, feeling, or partiality towards the parties, unless the witness has been previously questioned himself as to that point.

Among the several cases found upon this subject is that of Edwards v. Sullivan, 8 Iredell, 304, where the Supreme Court of North Carolina learnedly reviews the question, and approves the rule announced in the Queen's case. See also 1 Thomp. Trials, secs. 453, 475; 1 Whart. Ev., secs. 555, 556, 566. In the last section cited, it is stated that "when the object is to prove hostile declarations or acts, the witness must first be cross-examined as to such declarations or acts, so that he may have an opportunity for explanation." For the error pointed out, the judgment will be reversed.

The argument made by the attorneys of appellee, as complained of in the twelfth assignment of error, which is fully set out in the bill of exceptions there referred to, lies close to the border line of error; and it is more than likely that it will not be repeated on another trial.

In view of the allegations of the petition, it is doubtful whether the evidence of witness Bollons, complained of in the fourteenth assignment of error, was admissible.

We do not make the rulings raised by the last two assignments noticed reversible error, but we would suggest as a matter of precaution that they be not repeated on another trial.

For the error pointed out, the judgment is reversed and the cause remanded. We find no error in the other assignments presented in the brief.

*Reversed and remanded.*