### Texas & Pacific Railway Company v. A. H. Durrett.

#### Decided June 9, 1900.

**1. Damages—Charge—Recovery Limited to Amount Pleaded.**

In an action of damages for personal injuries the recovery should be limited by the charge to the amount and items stated in the petition, and a failure to so limit it is reversible error where there was evidence of items of injury not pleaded and of amounts in excess of those alleged in the petition.

**2. Evidence—Impeaching Credibility of Witness.**

Evidence tending to impeach the credibility of a witness by showing his conviction of an infamous crime is properly rejected where there was no effort made to elicit the testimony on cross-examination.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*Bidwell & Stennis,* for appellant.

*Harry W. Kuteman,* for appellee.

CONNER, CHIEF JUSTICE.—We adopt as substantially correct the following statement of the nature of this suit:

"This is a suit brought by A. H. Durrett against the Texas & Pacific Railway Company for personal injuries. He represents that on the 13th day of October, 1897, while attempting to cross defendant's track at a public crossing, within the corporate limits of the town of Weatherford, where Fort Worth Street intersects with said track, his wagon in which he was riding was struck by a detached car, and that he was thereby knocked down in his wagon and said wagon shoved over an embankment into a ravine; that he was greatly injured by said fall; that his right ear was mashed and lacerated; that the right side of his head was mashed and greatly bruised; that his left side was mashed in and his ribs hurt; that on the right side his ribs were crushed and mashed out so as to dislocate them; that his left collar bone was mashed and broken; that by reason of said injuries he was compelled to employ physicians and was compelled to pay them $50, and that by reason of said injuries he lost his time and labor for three months, which was worth to him $50 per month, an aggregate value of $150, and that by reason of said injuries he was permanently injured to his further damage $1775; that said detached car was being operated by defendant at said time; that the

view of plaintiff was obstructed by box cars of defendant standing upon its sidetrack, and that the noise from the compress situated near by prevented him from hearing the approaching cars or engine; that said detached car was negligently being pushed across said street crossing at a high rate of speed; that in approaching said crossing defendant failed to ring its bell or sound its whistle or have a man on said detached car to stop it; that the city ordinance of said town forbids running of trains at a speed greater than six miles an hour, and that said car was being run at a greater rate.

"The defendant answered by general denial and plea of contributory negligence, averring that plaintiff knew when he attempted to cross that defendant was engaged in switching its cars across said crossing; that had he looked down the main track before crossing he could have seen the approaching cars and engine; that plaintiff recklessly attempted to cross in front of said cars, and to do so pulled his team too far to the left, and that his frightened team ran off said embankment and fell into said ravine without fault of defendant; that notwithstanding the obstruction to his view and the great noise of the compress, and the fact that he had seen defendant engaged in switching its cars at said crossing at that moment, plaintiff, without any effort to ascertain the danger, drove upon its track in front of an approaching train, and by reason of said negligent acts contributed directly and proximately to his own injuries."

The trial resulted in a verdict and judgment for appellee in the sum of $1254, and the case is now before us on appeal.

In the fifth assignment complaint is made of the following special instruction to the jury given by the court at the request of appellee, to wit: "If you believe and find from the evidence that the plaintiff has been damaged by reason of the defendant's negligence, and that he is entitled to recover damages under the instructions given in the main charge, you are further charged that he is entitled to recover damages for his physical pain and suffering and also for his injuries, provided you believe he was so damaged and suffered any injury and pain. You are also charged that plaintiff is entitled to recover for any reasonable physician or doctor bill, if any, he incurred by reason of his injuries, and provided you believe he is entitled to recover. And you are further charged that if by reason of his injuries he has lost his own services for any length of time, then he is entitled to recover the reasonable value of said services for the time actually lost, provided he is entitled to recover."

The court's general charge on the same subject, and to which error is also assigned, is as follows: "7. If from the evidence, under the foregoing instructions, you find for the plaintiff, you will find for him such damages as you think he sustained thereby."

Appellee alleged as a result of the injuries described that he was compelled to employ physicians and pay them $50; that he was "unable to do any work for at least three months; that his said labor was worth

at that time $50 per month, making $150 for lost time and labor." There was no allegation of a loss of hearing. He testified: "The worst injury I received, and what I consider the most serious of all, was the lick I got on the side of my head and knocked me senseless and cut that ear up. That lick was the worst of all of them, because since that time, whether it caused it or not, I have lost my hearing. * * * I was unable to do but very little for three or four months, and I have never been able to do a good day's work since. * * * In gathering my crops I would not have taken less than $25 or $30 per month just for the work I lost. * * * I employed Dr. McKenzie as my physician. I have never asked him for my bill." Dr. McKenzie testified to the extent and character of appellee's injuries and of his services as a physician, and said: "My bill amounted to between $60 and $75, not over $75,—in that neighborhood. I think that a reasonable charge for the services I rendered."

When the further fact is stated that the verdict and judgment is in general terms, we think it will be apparent that the court in so charging committed material error as assigned. It is well settled that a charge should not submit to the jury elements of damage not alleged, and that a recovery must be limited to the amount and items charged. Railway v. Measles, 81 Texas, 474; Railway v. Simonton, 2 Texas Civ. App., 558, and cases of like import.

Under the charges here complained of, it is clear that the jury were thus authorized, in estimating damages, to include lost time and the injury to appellee's hearing not alleged, and to allow the full amount of the physician's bill as stated by him. We are unable to say that the jury did not do so. The verdict not having been itemized, we are unable to determine the amount the jury may have allowed upon these items, and the judgment therefore must be reversed and the cause remanded.

We approve the court's ruling in excluding the evidence tending to show the infamy of the witness S. B. Sandefer, "to impeach and go to the credibility of such witness." No effort was made to elicit this testimony on cross-examination, and this court expressly held in the case of Texas Brewing Company v. Dickey, 43 Southwestern Reporter, 577, that this character of testimony, for such purpose, was admissible upon cross-examination alone.

Other assignments need not be noticed, further than to say that we find no reversible error shown thereby. For the error discussed, however, the judgment is reversed and the cause remanded.

*Reversed and remanded.*