TEXAS & PACIFIC RAILWAY COMPANY v. A. H. DURRETT.

Decided May 11, 1901.

**1.—Contributory Negligence—Injury at Railroad Crossing—Charge.**

In an action against a railroad company for personal injuries received in crossing its track at a point where the view was obstructed by cars standing on the sidetrack, defendant requested a charge that plaintiff could not recover if at the time he drove on the track he knew of the approach of the train, or by the use of ordinary care could have seen it approaching in time to have avoided the injury. Held, that while the requested charge was correct, its refusal was not error where the jury had been already substantially so instructed in the main charge.

**2.—Same—Charge on Weight of Evidence.**

A requested charge, that if the jury found from the evidence that plaintiff was deaf or hard of hearing at the time of the accident, then such deafness or partial deafness would require greater vigilance on his part in the exercise of his eyesight in approaching the crossing, was properly refused as on the weight of evidence.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*B. G. Bidwell* and *T. J. Freeman,* for appellants.

*H. W. Kuteman,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is a suit for damages for personal injuries caused by a collision of appellant's cars with appellee's wagon at a street crossing in the city of Weatherford. It was alleged that the appellant's servants in charge of the switch engine failed to blow the whistle or ring the bell, as required by statute, when approaching a crossing, and was also running at a higher rate of speed than six miles an hour, in violation of the city ordinance in such cases provided. The defense was general denial and contributory negligence in failing to look and listen before driving on the track, knowing that the switch engine was at work at said crossing. For a fuller statement of the case, see opinion of Chief Justice Conner on a former appeal. 58 S. W. Rep., 187. The verdict and judgment were for $1500 in favor of the plaintiff, and the defendant company has appealed. The evidence, though conflicting on material points, tended to and was sufficient to sustain the verdict in favor of appellee. The court instructed the jury that if the plaintiff knew of the approach of the cars, and negligently drove on the track and was injured, he could not recover, although the defendant's servants failed to ring the bell or blow the whistle. A special charge was asked by defendant to the effect that plaintiff could not recover if at the time he drove on the track he knew of the approach of the train, or "by the use of ordinary care he could have seen it approaching in time to have avoided the injury." Our statute requires the whistle to be blown and the bell to be rung for all public crossings when within eighty rods thereof, and the bell must continue to ring until the crossing is passed. Rev. Stats., art. 4507.

This is one of the ways provided by our laws for notifying travelers on the public roads and streets crossing railroad tracks of the near approach of trains, and persons about to cross the track at such places have a right to assume that those in charge of the engine will obey the law, and give the signals required. It is a police regulation, intended as much for the protection and safety of the railroad company's property, train crews, and passengers as for the protection of persons traveling on the streets and highways, and noncompliance therewith is negligence per se. The evidence is undisputed that the view towards the engine was obstructed by some freight cars left standing on the side of the street, and the testimony of plaintiff is that he listened before driving on the track, and heard nothing to indicate the approach of a train, though he admits he did not hear distinctly,—says he was "a little thick of hearing." The charge, as requested, is correct; but the court gave it substantially in the main charge, when he instructed them, in the eighth paragraph, that if the plaintiff was himself guilty of negligence that contributed proximately to his injury, to find for defendant, even though the bell was not rung nor the whistle sounded as the train approached the crossing, or was moving at a rate of speed greater than six miles an hour. The court also, in the ninth paragraph, instructed the jury that "if the plaintiff failed to look out for approaching cars as soon as he was in a position to see them, and such failure was negligence on

his part, under all the circumstances, and that such negligence contributed to his injury, to find for defendant." With the main charge thus given, it was not error to refuse the one asked.

Error is assigned on the refusal of the court to give the following charge: "You are further instructed that, if you find and believe from the evidence that plaintiff was deaf or hard of hearing at the time of the accident complained of, then, and in that event, you are instructed that such deafness, or partial deafness, would require a greater vigilance of plaintiff in the exercise of his eyesight in approaching said crossing." This charge, if given, would have been a discussion of, and comment upon, the evidence, and, in effect, a charge upon the weight of the evidence; besides, it would have been confusing to the jury. It is all right to prove the fact of deafness or partial deafness in order that the jury may take such fact into consideration in determining whether the deaf man used such care as a man of ordinary prudence in his condition should have used, but it is quite another thing to charge on a particular fact and its relation to the other facts. The assignment is overruled. The other assignments relate to the sufficiency of the evidence to sustain the verdict, and that the verdict was excessive, and none of them, in our opinion, are tenable, and are all overruled. Finding no error in the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.