GOOD v. TEXAS & P. RY. CO. et al.
(No. 291.)

(Court of Civil Appeals of Texas. El Paso. March 26, 1914. On Rehearing, May 7, 1914.)

1. CARRIERS (§ 228*)—SIMILAR TRANSACTIONS —NECESSITY OF SHOWING SIMILARITY OF CONDITIONS.

In an action against carriers for damages to a shipment of cattle which they claimed were due to plaintiff's negligence in unloading and dipping the cattle under the quarantine regulations and in their handling and treatment incident to the dipping, evidence that, when they were unloaded, a number of other cattle of like ages were placed with those in question, and thereafter handled, dipped, and shipped alike, and that none of such other cattle were injured, was properly excluded, where it was not shown that such other cattle were in the same physical condition as those in question, and it was not sufficient to merely show that they were the same or similar ages, or that they were all steer cattle.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

2. EVIDENCE (§ 43*)—JUDICIAL NOTICE—JUDICIAL RECORDS.

The Court of Civil Appeals will take judicial notice of the opinion and record on a former appeal of the same action.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

3. WITNESSES (§ 373*)—IMPEACHMENT — NECESSITY OF LAYING FOUNDATION.

Where an expert witness was not interrogated as to what he was to be paid for attending court, evidence could not be introduced, after he had testified and left the county, that he was paid in connection with his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1200; Dec. Dig. § 373.*]

4. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Where practically all of defendants' witnesses were questioned and testified as to the compensation which they were to receive for their time and expense for attending the trial, the exclusion of testimony that an expert witness not so interrogated was paid for testifying was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

5. TRIAL (§ 296*)—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.

Where an instruction was not on the weight of the evidence, or misleading when read in connection with the general charge, the giving thereof was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

6. TRIAL (§ 194*)—ACTIONS FOR INJURIES TO LIVE STOCK—INSTRUCTIONS.

In an action for injuries to a shipment of cattle, where it appeared that the cattle were unloaded and dipped under the quarantine regulations under the control and charge of the shipper, who by contract waived any damage from the handling and dipping, and that he accompanied the cattle under a contract to look after them, and was in as favorable a position as the carriers to know of any acts of negligence, an instruction that the carriers owed no duty to deliver the cattle in good condition, but were only responsible for negligence, was not objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–460; Dec. Dig. § 194.*]

7. TRIAL (§ 256*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

Where any error in the charge was one of omission and not of commission, a charge correcting the omission should have been requested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

8. APPEAL AND ERROR (§ 699*)—RECORD— MATTERS PRESENTED FOR REVIEW.

Where appellees' requested charge No. 12 was indorsed by the trial judge, "Given after the court had prepared and read to the jury its principal charge," while charge No. 13 was indorsed, "Refused after main charge prepared and read to the jury, and after special charge No. 12 had been requested and refused," any alleged error in charge No. 12 would not be reviewed, as it could not be told whether that charge was given or refused, and if appellant desired it reviewed, he should have corrected the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2928–2930; Dec. Dig. § 699.*]

9. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—CURE BY VERDICT.

A judgment would not be reversed for error in the instructions rendered harmless by the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

10. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY THOSE GIVEN.

It was not error to refuse an instruction fully covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

11. CARRIERS (§ 230*)—ACTIONS FOR INJURIES TO LIVE STOCK—INSTRUCTIONS.

In an action against carriers for injuries to a shipment of cattle, where it appeared that plaintiff accompanied the shipment and had ample opportunity to observe any acts of negligence, and there was no evidence of any latent injuries to any of the cattle, an instruction that the damages need not become manifest on the line of the railway company causing them, it being sufficient if the damages were caused by the negligence of the railway company, was properly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

Appeal from District Court, Midland County; S. J. Isaacs, Judge.

Action by E. C. Good against the Texas & Pacific Railway Company, the Houston & Texas Central Railroad Company, and another. From a judgment for the defendants named, plaintiff appeals. Affirmed.

See, also, 151 S. W. 617.

A. S. Hawkins, of Phœnix, Ariz., Earl Anderson, of Midland, Gross, Allen & Gross, of Mineral Wells, and Galloway & Whitaker, of

El Paso, for appellant. Douthit & Smith, of Sweetwater, Jno. B. Howard, of Midland, W. L. Hall, of Dallas, and Baker, Botts, Parker & Garwood, of Houston, for appellees.

McKENZIE, J. This suit was instituted in the district court of Midland county by appellant to recover of the Houston, East & West Texas Railway Company and the appellees, Houston & Texas Central Railroad Company and Texas & Pacific Railway Company, certain damages growing out of a shipment of cattle from Humble, Tex., to Monahans, Tex., over said lines of road. This is the second appeal of the case. See Texas & Pacific Ry. Co. v. Good, 151 S. W. 617. On the former appeal a judgment in favor of the Houston, East & West Texas Railway Company was affirmed. As negligence on the part of the appellee Houston & Texas Central Railroad Company, appellant alleged a delay of four hours at Houston, and rough handling between Houston and Ft. Worth, also a delay at Ft. Worth of three hours; that because of such negligence said cattle were crippled, bruised, and rendered less able to stand the remainder of their journey. As negligence on the part of the Texas & Pacific Railway Company, appellant alleged a delay at Ft. Worth of four hours and rough handling between Ft. Worth and Monahans; that by reason of the negligence of the defendants 128 head of said cattle died, and about 100 head were badly injured. Each of the appellees answered by general denial, and specially as follows: (1) That it was agreed appellant should feed, water, load and reload said cattle, which he failed to do; (2) the clause in the shipping contract, limiting liability to each defendant's line of road; (3) that said cattle were shipped from below the quarantine line, and had to be dipped in accordance with the quarantine regulations in a preparation authorized by the state and federal authorities; that said cattle were poor and thin when shipped; that same were unloaded and dipped twice in arsenic solution, thereby causing the alleged injury; (4) that between the two dippings of said cattle, they were held at Sweetwater for about 10 days without feed and upon insufficient grass to sustain them, causing said cattle to become poor and weak, and unable to stand the dipping; (5) that immediately after the said cattle were dipped the second time, and on a hot day, they were driven to the pens and loaded for shipment, causing them to become injured—all of which was pleaded as contributory negligence on appellant's part, and as the proximate cause of said injuries. By way of reply to said answers, appellant denied generally and specially the acts charged against him as contributory negligence, and pleaded that said cattle were delivered to the defendants in good shipping condition, and that if the dip killed any of said cattle, it was on account of the previous negligence on the part of the appellees which rendered said cattle less able to undergo said dipping process; that defendant Texas & Pacific Railway Company undertook to load said cattle at Sweetwater, and in loading them its employés unduly roughly handled and mistreated said cattle, thereby injuring them and augmenting the damage. From a verdict and judgment in favor of the defendants, Houston & Texas Central Railroad Company and Texas & Pacific Railway Company, the plaintiff appeals.

[1] The first assignment of error complains of the action of the trial court in excluding testimony to the effect that after the alleged damaged cattle had arrived at Sweetwater they were placed in a nearby pasture; that on the same day 160 head of other cattle of like ages were turned in the same pasture and mixed therewith; that after all of the cattle, as mixed, were held in the pasture together, were fed, watered, dipped, handled, and shipped alike until they arrived at plaintiff's ranch at Monahans; and that none of the 160 head were injured or had died. It is contended by appellant that the evidence was admissible to negative the appellees' defense to the effect that the solution in which the cattle were dipped was too strong, and that the handling and treatment which the cattle received prior to and incident to their being dipped in said solution was the cause of the injury and death of said cattle, and not the dipping. The trial court qualified the bill of exceptions upon which the assignment of error is predicated, to the effect that at the time the evidence was offered, it had not been shown that the 160 head of cattle were in the same condition as were the cattle in controversy. It is apparent that the evidence was offered for the sake of comparison, to show that the 160 head of cattle did not die from the dipping process, nor from their handling during the dipping period. To make the evidence admissible for the sake of comparison, it was incumbent upon appellant to first show that the cattle in question were of the same physical condition as were the 160 head which it is claimed did not die, and to merely show that the cattle were the same or similar ages, or that they were steer cattle, would not be sufficient.

[2] Plaintiff's testimony on this and the former trial is to the effect that the Humble shipment which involve the cattle in question arrived in Sweetwater in bad condition, i. e., they were crippled, bruised, and showed to be in a weak condition physically; while on the former trial, as shown by the former opinion, supra, and by the record of the former appeal, of which we take judicial notice, his testimony was to the effect that the Navasota shipment, out of which the 160 head of cattle were taken, arrived in Sweetwater in good condition. It is apparent, then, from the plaintiff's testimony, that the two bunches of cattle were not of the same physical condition, and it would have been improper to have permitted the testimony to

have gone to the jury for the sake of comparison, without first showing that their condition was practically the same. Other testimony in the record shows that the 160 head of cattle were mixed with the Humble shipment and were fed, watered, pastured, and dipped alike, and were mixed indiscriminately in the same cars when shipped to Monahans without injury, which would indicate that they were stronger cattle. Because of this testimony also, the error in refusing to admit the testimony complained of would become harmless. The assignment of error is therefore overruled.

[3, 4] The second assignment of error complains of the action of the trial court in excluding testimony to the effect that, after the witness Dr. Harry Grafke had testified in behalf of appellees, he was paid a sum of money at the instance of the defendant, in connection with his testimony upon the trial. The bill of exception, as approved, contains an explanation by the trial court to the effect that the witness, when on the stand, was not interrogated about what he was to receive for his time in attendance upon the court, and had no opportunity to explain, and, further, that at the time plaintiffs offered to prove that the witness Grafke received compensation for his attendance upon court, he had left the county. The testimony of this witness shows him to be a veterinary surgeon in the employ of the government, located at Big Springs, and that he testified as an expert as to the effect of the arsenic dip upon the cattle, and nowhere was he questioned as to compensation which he was to receive for his attendance upon the court as a witness. The record discloses the fact that practically all of the appellees' witnesses on the trial were questioned as to the amount of compensation which they were to receive for their time and expense for attending the trial, and in each instance the witness detailed to the jury that he was to receive compensation for his time and expense. We are of the opinion that the exclusion of the testimony in this instance could not have in any manner affected the verdict of the jury. Plaintiff's purpose, no doubt, in introducing the testimony was to show the interest or bias of the witness, and it is well settled that, in order to warrant the introduction of such testimony, the proper predicate must be first laid by interrogating the witness concerning the specific matters by which it is proposed to impeach the witness. The witness in this instance had testified and had left the county, and, from the explanation attached to the bill of exceptions, would not have had an opportunity to explain. The assignment of error is therefore overruled. Weir v. McGee, 25 Tex. Supp. 20; Railway Company v. Durrett, 24 Tex. Civ. App. 103, 58 S. W. 187; Railway Company v. La Prelle, 22 Tex. Civ. App. 593, 55 S. W. 125.

The third assignment of error complains of the tenth paragraph of the charge to the jury as being upon the weight of the evidence, and in assuming negligence on the part of appellant with reference to dipping, driving, and loading the cattle. It is our opinion that the charge merely presents, in an affirmative manner, the appellees' defenses. The same charge, with certain features eliminated, to prevent confusion and misunderstanding on the part of the jury, was before this court on a former appeal. We have carefully examined the paragraph complained of, and are of opinion that appellant's criticism is not well founded. The assignment of error is therefore overruled.

The fourth assignment of error complains of the eleventh paragraph of the charge to the jury as being upon the weight of the evidence, and that it prevents the jury from applying the doctrine of proximate cause, also that it conflicts with a former paragraph of the charge defining proximate cause, and also because it contravenes the law of concurring cause as applicable to the facts of the case. We have examined the court's charge to the jury, and are of the opinion that it presents most favorably for appellant the vital issues made by the pleadings and the evidence. We fail to find any conflict which would in any manner have possibly misled the jury, and we do not think it is upon the weight of the evidence. The assignment of error is therefore overruled.

[5] The fifth assignment of error complains of the action of the trial court in giving the following special charge upon the request of appellees: "You are charged that a mere showing of delay in the movement of live stock is not sufficient to make the defendants liable therefor without a showing by the plaintiff that such delay is due to the negligence of the defendants." Under this assignment it is urged by appellant that the charge is upon the weight of the evidence. We are of opinion that the charge, when read in connection with the general charge, is not subject to the criticism urged, and that the jury could not possibly have been misled thereby. The assignment is therefore overruled.

[6] The sixth assignment of error complains of the action of the trial court in giving to the jury appellees' special requested charge as follows: "You are charged that the defendant owed no duty to the plaintiff to deliver his cattle to him in good condition, and would only be responsible for negligence in the handling of said cattle as defined." It is urged that the charge is upon the weight of the evidence; that it placed undue emphasis upon the term "negligence," and unduly limited the duty of defendants as common carriers. We are of opinion that the objections urged are not well taken. The pleadings and the evidence show that the cattle were shipped under written contract, were unloaded and dipped at Sweetwater, during which time the cattle were in

the control and charge of the appellant, he having waived any damage resulting from the handling and dipping during said time. It is further shown by the contract and the evidence that the owner accompanied the cattle under contract to look after them while they were being transported, and was in as favorable a position as were the carriers to know of any negligence or acts of negligence which would have resulted in any injury to the cattle while they were being transported. The assignment of error is therefore overruled.

[7] Appellees object to the consideration of the seventh assignment of error, which complains of the action of the trial court in giving to the jury the seventh requested special charge, because the charge, as copied in the assignment, is different from that which appears in the record as having been given to the jury. The charge as same appears in the record is not subject to the criticism urged. If any error, however, by virtue of this charge, it appears to be one of omission and not of commission, and it was the appellant's duty to have requested a charge which would have corrected the omission. The assignment of error is therefore overruled.

[8] Appellees object to the consideration of the eighth assignment of error. The assignment complains of the action of the trial court in giving appellees' requested special charge No. 12. There appears on this requested charge the following indorsement, signed by the trial judge: "Given, after the court had prepared and read to the jury its principal charge." On appellees' requested special charge No. 13, which also appears in the record, there is indorsed and signed by the trial judge the following: "Refused after main charge prepared and read to the jury, and after special charge No. 12 had been requested and refused." It is readily seen, from the foregoing statement as to the condition of the record, that serious doubt exists as to whether either of the charges referred to was given. To say that No. 12 was given would be to ignore the solemn statement of the trial court as shown by the indorsement on No. 13 that No. 12 was refused. In other words, to give consideration of the assignment of error, we would be required to first determine whether charge No. 12 was in fact given to the jury. This would necessarily involve this court in the determination of a serious issue of fact upon a matter of direct and positive conflict, as shown by the two indorsements above indicated. The two indorsements were evidently made as a single transaction while in the trial of the same cause, pertaining to the charge to the jury, each of which, when weighed from the standpoint of determining as to whether charge No. 12 was given or refused, seems to be equally binding and of the same probative force. It is not incumbent upon this court to decide issues of fact, and we have grave

166 S.W.—43

doubts if the assignment can properly be considered in this state of the record. To resort to a process of construction or reasoning by which the court might possibly give consideration to the assignment of error based upon giving charge No. 12, or by assuming that charge No. 12 was in fact actually given to the jury, would not in any manner relieve the situation of the doubt as to whether or not, as an actual fact, charge No. 12 was given or refused; and, after resorting to the rules of construction, as same would apply perhaps to the legal effect of a written instrument, we would still be in doubt as to whether the trial court did or did not give to the jury charge No. 12. At best we could only enter the realm of speculation, or resort to fickle chance, which so often misleads. The conflicting indorsements were no doubt made through mistake, and it occurs to us that it was the duty of the appellant to so guard the record as to avoid such mistakes. When mistakes are made, it is his duty, in proper time, to have the record so corrected as to make it speak the truth as to the proceeding upon the trial. However, it is the opinion of the court that, had charge No. 12 been given to the jury, when considered in connection with the main charge, it would present no reversible error.

[9] Appellant's ninth assignment of error, which complains of the action of the trial court in giving appellees' requested charge No. 14, is overruled. The jury's verdict being in favor of appellees renders any error by giving the charge harmless. The court, however, is of the opinion that the charge as given was not erroneous.

What we have said in disposing of the ninth assignment of error is equally applicable in making disposition of the tenth assignment of error.

[10, 11] Appellant's eleventh assignment of error, which complains of the action of the trial court in refusing to give to the jury appellant's requested special charge No. 2, which reads as follows: "The damages, if any, need not become manifest on the line of the railway company causing such damage, if any; it being sufficient if such damage was caused by the negligent act, if any, of such railway company"—is overruled. We are of the opinion that no reversible error was committed by the refusal to give the charge, in that the matter is fully covered by the main charge. Besides, the evidence is undisputed that the appellant accompanied the shipment of cattle and had ample opportunity to observe any acts of negligence on the part of the appellees, which caused or would cause any damage to said shipment, and no evidence is called to our attention by which it is shown that there were any latent injuries to any of said cattle by which the charge became material as an issue in the case. The assignment of error is therefore overruled.

This is the second appeal of the case. On

the former appeal appellees were appellants, and they urged in that appeal many objections to the charge of the court as then given. The appellee on the former appeal is now the appellant in this appeal. In the former appeal appellant defended the charge as given. The charges, for the most part, involved in this appeal are very much like the ones involved in the former appeal, with many of the objectionable features eliminated, as was required by the opinion of this court on the former appeal. We are of the opinion that no error has been shown whereby the cause should again be reversed and remanded for a new trial, and that the judgment should be affirmed; and it is so ordered.

Affirmed.

### On Rehearing.

In the original opinion appears the following: "Other testimony in the record shows that the 160 head of cattle were mixed with the Humble shipment, and were fed, watered, pastured, and dipped alike, and were mixed indiscriminately in the same cars when shipped to Monahans, without injury, which would indicate that they were stronger cattle." Our attention is directed to the fact that the record fails to disclose that any witness testified that the 160 head arrived in Monahans "without injury." We, therefore, make the correction to conform with the record. The statement otherwise is in conformity with the record, and shall stand. The correction, as made, does not change our opinion, or the views therein expressed in overruling appellant's first assignment of error.

The motion for rehearing is overruled.