GULF, COLORADO & SANTA FE RAILWAY COMPANY v. R. D. SIMONTON.

No. 120.

1. **Contributory Negligence — Sufficient Allegations of.**—Plaintiff sued appellant company for damages for depredations on his crops by stock, which entered his premises over the depot platform, which was partly within and partly outside his enclosure, and was not protected by cattle guard or otherwise. Defendant's plea of contributory negligence was, that the plaintiff, by building a few yards of fence around defendant's passenger depot, could have prevented all the damages. This plea was good against a general demurrer, and the court below erred in striking it out on plaintiff's exception.

2. **Cattle Guards.**—The platform extends about four feet inside the pasture, and the track is outside. The statute with reference to cattle guards would not be applicable in such a case, and it was not shown by the evidence to be applicable.

3. **Allegation and Proof — Damages.** — The amount of damages found by the court is clearly excessive. Plaintiff could not recover more for any particular item of damages than he alleges in his petition he sustained; and when the allegation was that his pasture had been damaged $50, he could not recover more than that sum by proof of $200 or $300 damage to it.

4. **Duty of Plaintiff to Protect Himself Against Damage.**—There was a partition fence between plaintiff's pasture and field, which was a poor fence and did not turn hogs. He could have repaired it, but did not. If it could have been repaired at a moderate cost, and the crops thereby protected, it was the plaintiff's duty to have done so; and failing to do it, his measure of damages would be a sufficient amount of money to have made such repairs.

**5. Crops of Tenants Destroyed.**—Plaintiff should not be allowed to recover for crops that belonged to his tenant, nor for damages thereto caused by stock getting in at other places than over the platform.

**6. Value of Crops.**—If the witness should qualify himself as an expert, his opinion as to the value of a crop at a particular stage of development should be received.

Appeal from Montgomery.    Tried below before Hon. James Masterson.

*C. K. Lee* and *J. W. Terry*, for appellant.—1.  Where a tort is committed, the law makes it the duty of the injured party to make all reasonable efforts to reduce his damages as much as practicable.  The evidence in this case shows that by the exercise of a very little care and trouble plaintiff could have prevented the greater part of his injury.  1 Sedg. on Meas. of Dam., 7 ed., 167–171; Loker v. Damon, 17 Pick., 284; Field on Dam., secs. 21, 167, 168; Thompson v. Shattuck, 2 Metc., 615; 28 N. Y., 284; 1 Iowa, 407; 28 Iowa, 253; Railway v. Young, 60 Texas, 202; Railway v. Smith, 63 Texas, 323; Railway v. Cole, 66 Texas, 564; Brandon v. Mfg. Co., 51 Texas, 128; Railway v. Coon, 69 Texas, 730.

2.  The amount of damages is excessive and not supported by the evidence, in this:  The amount of damages suffered by the plaintiff, as testified by himself, only amounted to $660, and the court rendered judgment against the said defendant for $700.  Plaintiff alleged in his petition that his pasture was damaged $50, and testified that it was damaged $200 to $300.  Under his petition he was only entitled to recover $50 for said item; and if he were allowed the full amount of damages shown by his testimony on all other items testified to by him, he would only have been entitled to judgment for $410, while he received judgment for $700. 1 W. & W. C. C., sec. 581, and cases cited; Gay v. Raines, 21 Texas, 460; 3 Willson's C. C., sec. 192.

3.  The undisputed evidence shows, that part of the crops which plaintiff testified to having been damaged were raised by a tenant on plaintiff's place, and the evidence shows no assignment of the same to the plaintiff; therefore plaintiff was not entitled to recover for the same.   Railway v. Bayliss, 62 Texas, 570.

4.  A witness is not allowed to give his opinion of the amount of damages which a party sustains from a given act or omission.  It is the province of the court or jury to assess damages according to the rule of law, and witnesses are allowed only to furnish the data upon which the amount is arrived at.    1 Suth. on Dam., 794; 1 W. & W. C. C., secs. 461, 1109.

*W. P. McComb*, for appellee.— 1.  "A railroad company whose railway passes through a field or enclosure, is required by law to place a good and sufficient cattle guard or stop at the points of entering such field or en-

closure, and keep them in good repair." Rev. Stats., art. 4240. " Such cattle guards or stops shall in all cases be so constructed and kept in repair as to protect such fields and enclosures from the depredations of stock of every description." Rev. Stats., art. 4242. " Should any such company neglect to construct such cattle guards or stops and keep the same in repair as required by law, such company shall be liable to the party injured by such neglect for all damages that may result from such neglect, to be recovered by suit in any court having jurisdiction." Rev. Stats., art. 4244. And it was not the duty of plaintiff in this case to become a trespasser on defendant's right of way and run a fence between its depot and its track. Railway v. Adams, 63 Texas, 200; Railway v. Young, 60 Texas, 201.

2. Plaintiff alleged his actual damages to be $1500, and he and others testified to the destructions, devastations, injuries, harassment, expenses, and annoyances to which he was subjected, and furnished the data upon which the court, hearing all the evidence and to whom the whole case was submitted, arrived at the amount of damages assessed. There are numerous items of damage, general and special, alleged in the petition and shown in the evidence, which plaintiff in his testimony did not specifically estimate. Railway v. Philips, 63 Texas, 590; 1 W. & W. C. C., 540.

GARRETT, CHIEF JUSTICE.—R. D. Simonton brought this suit in the District Court of Montgomery County, against the Gulf, Colorado & Santa Fe Railway Company, to recover damages for depredations upon his crops and premises by stock, which, as alleged in the petition, entered said premises through openings left by defendant in the construction of its railway.

There was no proof that stock entered by any other opening left by the defendant than over the platform of its depot building, which extended about four feet into plaintiff's enclosure. With respect to this opening, after alleging that the company was operating its railway through the enclosed premises of plaintiff, consisting of about 200 acres of land, including farm, pasture, garden, truck patches, lawn, barns, lots, yard, residence, etc., all adjacent to the town of Montgomery, and had negligently and wrongfully torn down and destroyed and removed plaintiff's fence; and having specified two other openings left unguarded, the petition averred, that " another of said openings in plaintiff's said fence and enclosure is where defendant company unlawfully and willfully tore down and removed plaintiff's fence, and constructed and extended its depot platform from its depot on the outside of said enclosure to a point on the inside of said enclosure, and this place said defendant company did then negligently leave open, and has ever since negligently left open, an easy passage

way for stock of all kinds into said enclosed premises of plaintiff; and did then and there negligently fail and omit, and has ever since negligently failed and omitted, to guard or protect said place with a cattle guard, or hinder the invasion of said premises by stock through said openings;" and further averred, that by the construction of its depot platform into said enclosure from the outside, a broad, easy, and inviting opening was made into the premises for stock of all kinds, to-wit, "a low, broad, flat structure, or apron walk, made of pine lumber, and not exceeding fourteen inches in heighth, upon which hogs and cattle and all other stock can and do easily enter and pass into said enclosure." It was averred, that plaintiff had often requested the defendant to erect cattle guards and restore said fence, or to provide some adequate means or devices to protect his said farm and premises against the invasion and depredation of stock, invited and made easy by said openings.

Damages were laid at $1500 actual damages, which were itemized under quite a number of heads. Exemplary damages were also claimed by reason of defendant's alleged gross and willful negligence in failing after repeated notices to fix the openings; but the portion of the petition setting up exemplary damages, on exception made by defendant, was stricken out by the court. Defendant pleaded also contributory negligence on the part of plaintiff, and want of due care. An exception in the nature of a general demurrer, made by the plaintiff to the plea of contributory negligence, was sustained by the court, and so much of the answer stricken out.

Trial was had without a jury, and the court rendered judgment in favor of plaintiff for $700.

Defendant's plea of contributory negligence was, that plaintiff, by building a few yards of fence around defendant's passenger depot, could have prevented all the damages. The pleading does not advise us as to whether or not the plaintiff had a right to build the fence so as to close the passage over the platform, nor of other facts that might be pertinent to the inquiry as to whether or not the fence could have been built; but we are of opinion that it was good on general demurrer, and that the court erred in striking it out on plaintiff's exception. As far as shown by the evidence, defendant's plea of contributory negligence might have been good.

Plaintiff testified: "I have a farm and premises joining next to the depot of defendant in the town of Montgomery. Defendant's road runs through it. Defendant's passenger platform at said depot extends [upon] the line of the east fence enclosing my premises, and into the same about four feet, said platform being about two feet above the ground, and hogs and cattle walk over the said platform into my premises, and have been doing so continually for about fourteen months."

Vol. II. Civil—36

There was no evidence that stock ever entered plaintiff's premises through any hole in his fence made by defendant, except over said platform.

There was no other evidence as to the position of the depot and fence, and it does not appear but that plaintiff built his fence after the depot building had been put up. But if we may assume that the back part of the platform extends about four feet into the pasture, that the building was constructed after the fence had been built, and that the track at this place lay outside the pasture, we do not think that the statute with reference to cattle guards would be applicable in such case. It is certainly not shown by the evidence to be applicable. Rev. Stats., art. 4240; Railway v. Young, 60 Texas, 202; Railway v. Adams, 63 Texas, 204.

The amount of damages as found by the court is clearly excessive. Plaintiff could not recover more for any particular item of damage than he sustained as alleged in his petition; and when the allegation was that his pasture had been damaged $50, he could not recover more than that sum for damage to his pasture on proof of $200 or $300 damage to it.

It was shown by the evidence, that there was a cross or partition fence between plaintiff's pasture and his field fence, which he testified was a very poor fence and did not turn hogs. He said he could have repaired it and protected the property, but he did not regard it as his business, but looked upon it as the duty of the defendant railway to have fixed its exit so that his premises on the inside would have been protected. If this fence could have been repaired at a moderate cost, and the crops thereby protected, it was plaintiff's duty to have done so; and failing to do it, his measure of damages would be only a sufficient amount of money to have made such repairs.

It is hardly necessary to say that plaintiff should not be allowed to recover for crops that belonged to his tenant, nor for damages thereto caused by stock getting in at other places than over the platform.

The method of getting at the value of crops destroyed has been considered in several cases. Railway v. McGowan, 73 Texas, 355; Railway v. Pape, 73 Texas, 502. If the witness should qualify himself as an expert, his opinion as to the value of a crop at a particular stage of development should be received. Railway v. Borsky, decided by this court on March 16, 1893 [ante, p. 545].

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 23, 1893.