### Texas & Pacific Railway Company v. J. A. McCarty.

Decided March 12, 1908.

**1.—Personal Injuries—Measure of Damages—Charge—"Full Compensation."**

In a suit for damages for personal injuries, upon the measure of damages the court charged the jury, if they found for plaintiff, to "assess his damages at such an amount as, in the exercise of a sound discretion and judgment, you believe will fully compensate him," etc. Held, that while the use of the word "fully," as measuring the compensation to be allowed, is not to be approved, it was not reversible error.

**2.—Same—Pleading—Items of Damage—Charge.**

When, in a suit for personal injuries, several distinct items or grounds for recovery are set forth in the pleading, and a specific amount claimed for each item, and the evidence as to an item of damage would authorize a recovery for a larger amount than that claimed in the pleading, it is affirmative error to instruct the jury to allow for the amount shown by the evidence. Rule applied.

Appeal from the District Court of Nolan County. Tried below before Hon. Jas. J. Shepherd.

*Wagstaff & Davidson,* for appellant.

*Cunningham & Oliver* and *Hart, Mahaffey & Thomas,* for appellee.

WILLSON, Chief Justice.—The action was by appellee for damages for personal injuries alleged to have been suffered by him as the

result of appellant's negligence. He recovered a judgment for $1930, the full amount for which he sued.

The court instructed the jury if they found for appellee to "assess his damages at such an amount as, in the exercise of a sound discretion and judgment, you believe will fully compensate him," etc. In its first assignment of error appellant asserts that in using the word "fully" as measuring the compensation to be allowed, the court erred. We think it would be the better practice in such instructions to omit unnecessary qualifying words, as the meaning to be conveyed without them would be more clearly if not more accurately expressed. But we do not think the use of the word complained of was error. If entitled to recover anything appellee was entitled to recover compensation for the injury suffered. When used to define damages recoverable, we think the words "full compensation" mean simply "compensation." Appellant's contention is that appellee was entitled to recover only such damages as "fairly" and "reasonably" would compensate him for the injuries suffered. To this we agree. But we also agree with appellee that in contemplation of the law, to be either a fair or a reasonable compensation in a given case, the damages recoverable must be a full compensation for the injuries suffered. (Sorensen v. Case Thrashing Machine Co., 109 N. W., 86.) The first assignment of error is overruled.

On the measure of damages recoverable if their verdict should be in appellee's favor, the court further instructed the jury as follows: "And if you further believe from the evidence that plaintiff has lost time from his work, and you believe from the evidence that his injuries, if any, are permanent and will lessen his ability to labor and earn money in future, then you may in estimating his damages allow him such sum, if paid now, as you believe from the evidence will be a fair and reasonable compensation for the value of his loss of time and for his diminished capacity to earn money in future, to which you may add the reasonable and necessary expenses of attending physicians, and for medicine used, if you find any of these facts." The portion quoted of the charge is complained of in the remaining assignment of error.

As damages resulting from injuries alleged to have been suffered by him, appellee by his suit sought a recovery of $600 on account of inability to work at his trade as a harness maker, $600 on account of a diminished capacity to earn money in the future, $50 for services of a physician, $10 expended for medicine, and $670 on account of physical pain and mental anguish suffered by him. The verdict was for a lump sum, $1930—the aggregate of the several sums sued for.

The specific objection urged to the portion of the charge in question is that it did not limit appellee's recovery as to each of the items to a sum not in excess of that claimed in the petition on account of it, but instead authorized a finding on account of any one of the items of a sum in excess of that sued for on its account. We think the objection must be sustained.

In City of Dallas v. Jones, 93 Texas, 38, the plaintiff in his petition claimed $100 for medical services and medicine. He testified that he had paid out for doctors' bills $200. The trial court instructed the

jury, if they found for plaintiff, to find such an amount of damages as would compensate him (among other things) "for his expense necessarily incurred in respect to (his wife's) injuries, if any had been shown." With reference to this charge the Supreme Court said: "When the evidence as to an element of damage would authorize a recovery for a greater amount than that claimed in the petition, it is affirmative error to instruct the jury to allow for the amount shown by the evidence. It is not the case of an instruction which is defective in not covering every point, but which is good as far as it goes. In the latter case, the party desiring a more comprehensive instruction must ask it. No so in the former; it is error which works a reversal of the judgment."

The rule announced when applied to the facts of this case as shown by the record, necessitates a reversal of the judgment of the trial court. Appellant testified that he was a harness maker, and as such, prior to the time he suffered the injuries complained of earned $60 a month; that during a period of five or six months after he suffered the injuries, he was incapacitated for working as a harness maker, but could do some work, the value of which was not shown; and that at the time of the trial—seventeen months after the injury was sustained—his earning capacity, diminished as a result of the injury, was only $25 per month. A simple calculation will show that if he lost his earnings as a harness maker six months and if his earning capacity for the remaining eleven months intervening between the date he sustained the injury and the date of the trial, had been diminished $35 a month, the damage suffered by him on account of time and wages lost, instead of being $600 as claimed by him in his petition, was $745. So, it must be said that the evidence authorized "a recovery for a greater amount than that claimed" in his petition, and that the case, therefore, is within the rule announced by the Supreme Court. And see Martin-Brown Co. v. Pool, 40 S. W., 821; Missouri, K. & T. Ry. Co. v. Pawkett, 68 S. W., 324.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*