**CULLINAN et al. v. HARE.**

No. 2452.

Court of Civil Appeals of Texas. Eastland.

May 26, 1944.

Rehearing Denied June 23, 1944.

Major T. Bell, of Beaumont, for appellants.

Rex G. Fortenberry, of Beaumont, for appellee.

LESLIE, Chief Justice.

George W. Hare instituted this suit against Frank Cullinan and the American Republics Corporation for damages resulting from alleged injuries to his person and to his automobile by reason of a highway collision alleged to be due to the negligent operation by Cullinan of the other car owned by his employer, his co-defendant. In their answer the defendants urged many special exceptions, general and special denials. A trial before the court and jury resulted in a verdict and judgment convicting defendants of negligence on three different grounds, and they appeal.

The errors assigned in this court relate to special issues 14, 15, 16, and the respective answers thereto involving damages for plaintiff's personal injuries, lost earnings, and damage to his car, and also the admission of evidence.

The following paragraph of the plaintiff's petition reflects the damages sought to be recovered by reason of the injuries alleged to be due to defendant's negligence:

"Plaintiff alleges that he sustained actual damages on account of his personal injuries, pain and suffering aforesaid, in the sum of $5,000.00. That he suffered loss and damage to his automobile in the sum of $600.00; * * * loss of wages in the sum of $150.00; * * *."

As to the item of $150 for loss of "wages or earnings," the plaintiff's allegations were:

"Plaintiff would show that he was totally incapacitated from work for a period of forty days and that he was earning in his capacity of U. S. Government WPA timekeeper, That by reason of said injuries to the plaintiff he lost salary and wages in the total sum of $150.00."

Issue 14 and its accompanying instructions are as follows:

"Issue No. 14: What sum of money, if any, do you find from a preponderance of the evidence, if paid now, will reasonably and fairly compensate plaintiff for the damages, if any, sustained by him, as a direct and proximate result of the negligence, if any, of defendant, Frank Cullinan?

"Answer by stating the amount, if any, in dollars and cents.

"In determining the amount of damages, if any, you may take into consideration the nature of his injuries, if any, as to whether they are serious or otherwise; the mental and physical pain suffered, if any; the earnings, if any, of plaintiff *up to the present time lost* on account of the injuries, physical pain and suffering, if any, which you may find from a preponderance of the evidence that plaintiff has suffered as a direct and proximate result of the negligence of defendant, if any, and none other."

The jury's verdict found damages for (1) injuries, mental pain and suffering, and (2) lost earnings in the aggregate sum of $600, without itemizing the same, and for damages to appellee's car the sum of $395, all of which was carried forward into a total judgment of $995.

The accident occurred January 30, 1942, and the trial below began about one year and seven months later, or on September 14, 1943.

■ The appellant's specific attack on Issue 14 and its accompanying instruction is by Point 1 as follows:

"The plaintiff Hare having confined his allegations as to loss of earnings because of the accident to a sum of $150.00, the evidence containing proof that could have supported a larger sum for this item, the court in combining in Issue No. 14 the various elements of damages for personal injuries, including that for loss of earnings, *erred in not limiting any allowance by the jury for loss of earnings to a maximum of $150.00.*" (Italics ours.)

Looking to the specific error thus assigned we are of the opinion that it would have been affirmative error to give the charge or instruction requested or contended for by the appellant to the effect that the court should have specified in his charge a "ceiling" or "limitation" (as set forth in the pleadings) beyond which the jury could not go in awarding damages for the item of lost earnings. Concerning such suggested limitation, it was held in Texas & P. Ry. Co. v. Huffman, 83 Tex. 286, 18 S.W. 741, 743, as follows:

"It is not a proper practice for the court, in its charge to the jury, to limit the amount of recovery by the amount claimed in the petition."

The propriety or correctness of a trial court's instruction in such respects was considered in Southland Greyhound Lines, Inc., v. Ashby, Tex.Civ.App., 80 S.W.2d 445, 448, and numerous authorities reviewed therein. In part that opinion held: "We deduce from these authorities that it is error for the trial court to charge the jury that the verdict should not exceed a named sum."

Further on in the same opinion it is said: "No reason can be perceived why an issue should name a limit to the amount of damages which the jury should find."

█ Further, considering the charge and the explicit nature of the appellee's testimony, hereinafter reviewed, we do not believe that the matters here complained of make a showing of error calculated to cause the rendition of an improper verdict and judgment. Rules 503 and 434, Texas Civil Procedure.

In his brief the appellant devotes considerable attention to the testimony and cites a line of authorities to the effect that where the evidence authorizes a recovery for a greater amount than that claimed in the petition and the court is unable to definitely determine what excess amount enters into the verdict, the error cannot be corrected and a new trial must be awarded. Baker Hotel of Dallas, Inc., v. Rogers, 138 Tex. 398, 160 S.W.2d 522; City of Dallas v. Jones, 93 Tex. 38, 49 S.W. 577, 53 S.W. 377; Stedman Fruit Co. v. Smith, Tex.Civ.App., 45 S.W.2d 804; Missouri, K. & T. R. Co. v. Pawkett, 28 Tex.Civ. App. 583, 68 S.W. 323; Martin-Brown Co. v. Pool, Tex.Civ.App., 40 S.W. 820; Galveston, H. & S. A. R. Co. v. Worthy, 87 Tex. 459, 29 S.W. 376; Texas & P. R. Co. v. McCarty, 49 Tex.Civ.App. 532, 108 S.W. 764; Texas & P. R. Co. v. Barnwell, Tex. Civ.App., 133 S.W. 527; Texas & P. R. Co. v. Durrett, 24 Tex.Civ.App. 103, 58 S.W. 187; Houston Electric Co. v. Green, 48 Tex.Civ.App. 242, 106 S.W. 463; Gulf, C. & S. F. R. Co. v. Simonton, 2 Tex.Civ.App. 558, 22 S.W. 285; Texas Cities Gas Co. v. Ellis, Tex.Civ.App., 63 S.W.2d 717.

In the City of Dallas v. Jones, 93 Tex. 38, 49 S.W. 577, 53 S.W. 377, 379, a rule of law is stated in this language:

"When the evidence as to an element of damage would authorize a recovery for a greater amount than that contained in the petition, it is an affirmative error to instruct the jury to allow for the amount shown by the evidence."

In Missouri, K. & T. R. Co. v. Pawkett, 28 Tex.Civ.App. 583, 68 S.W. 323, 327 writ denied, the opinion states:

"The evidence as to the value of the services of the plaintiff during the time lost by him as a result of his injuries authorizes a recovery for a larger sum than was claimed in the petition."

In the instant case we have carefully considered the entire statement of facts and we are of the opinion that there is no evidence of lost earnings beyond the amount claimed in plaintiff's petition. Error in such cases is shown only when the evidence discloses damages beyond the amount alleged. Here there is no testimony of loss of earnings or time beyond 28 days lost by a man whose salary was $111 per month on a WPA project. When asked how much time he lost, he replied, "Well, I lost around 28 days * * *." His testimony throughout was specific and consistent in that claim and to the monthly wages for same.

The court will not presume that the jury ignored the undisputed evidence as to lost earnings and incorporated some unauthorized amount for that item in the general verdict. The courts expressly limit their holding of reversible error to cases where there is evidence of damage beyond the amount alleged in the petition. The technical error of specifying (in the charge) loss of earnings to the present time (date of trial) was harmless under the state of the testimony and no question of remittitur is presented. Further the exact complaint made in Point 1 is that the court "erred in not limiting any allowance by the jury for loss of earnings to a maximum of $150.00", and the practice of so doing is condemned by the authorities above cited.

█ Appellant's Point 2 predicates error on the proposition that appellee was already suffering from an eye trouble, and that the court erred in not limiting damages, if any assessed, to the extent and only to the extent of the aggravation of such previous eye condition by the accident. Appellant's Point 3 is in principle the same, but it pertains to an alleged back injury for which appellee had previously brought suit. Appellant in this connection states that since the appellee was "not claiming any injury to his back or acceleration of injury to his back in this suit, the court erred in not excluding any assessment of damages in this suit for plaintiff's previous back injuries." In support of Points 2 and 3 appellant cites Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683; Huey & Philp Hardware Co. v. McNeil, Tex.Civ.App., 111 S.W.2d 1205; Texas Consolidated Theatres, Inc., v. Slaughter, Tex.Civ.App., 143 S.W.2d 659; City of Beaumont v. Wiggins, Tex.Civ.App., 136 S. W.2d 260.

These authorities announce sound propositions of law and correctly apply the same, but they are not applicable to the facts of this case. There is no evidence of any previous disease or ailment of plaintiff's eyes or that he suffered, prior to the accident, any mental or physical pain because of such condition, or that he lost any earnings because of his eyes. There was no occasion for the charge requested and the point is overruled. The record being the same in substance as to a previous back injury, Point 3 is overruled for the same reason. The undisputed evidence shows that the plaintiff did not receive any injury to his back in the accident in suit and he expressly refrained from claiming such. It shows no loss of earnings as a result of any pain or injury to his back. According to the testimony his loss of earnings, if any, resulted from traumatic pleurisy growing out of the injuries received in the collision.

Points 4, 5, 6 and 7 have been duly considered, but, believing them to be without merit, they are overruled.

For the reasons assigned, the judgment of the trial court is affirmed.